IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **ERIC BREINES AND ANDREW PERRONG,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**PRO CUSTOM SOLAR LLC, D/B/A MOMENTUM SOLAR**, a New Jersey company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

1.  Plaintiffs Eric Breines ("Mr. Breines") and Andrew Perrong ("Mr. Perrong"), bring this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.  The Plaintiffs bring this Class Action Complaint and Demand for Jury Trial against Defendant Pro Custom Solar, LLC d/b/a Momentum Solar ("Momentum Solar" or "Defendant") to stop Momentum Solar from violating the TCPA by making unsolicited, autodialed and pre-recorded calls to consumers without their consent, including calls to consumers registered on the National Do Not Call registry, and to otherwise obtain injunctive and monetary relief for all persons injured by Momentum Solar's conduct.

3.  The Plaintiffs never consented to receive Momentum Solar's calls, which were placed to them for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse,* the Plaintiffs

bring this action on behalf of proposed nationwide classes of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff Breines is a Florida resident and a resident of this District.

6. Plaintiff Perrong is a Pennsylvania resident.

7. Defendant Pro Custom Solar LLC d/b/a Momentum Solar is a limited liability company organized under the laws of the State of New Jersey. Pro Custom Solar LLC is also registered to do business in the state of Florida, with a principal address in Orlando, FL and a registered agent of Cogency Global, Inc., which is located at 115 N. Calhoun St., Suite 4 in Tallahassee, FL.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227 ("TCPA").

9. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is registered to do business in Florida and because the wrongful conduct giving rise to this case was directed from/and or into this District.

## THE TELEPHONE CONSUMER PROTECTION ACT

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

12. The TCPA also makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party". *See* 47 U.S.C. § 227(b)(1)(B).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

15. In 2013, the FCC began requiring prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

[A] consumer's written consent to receive telemarketing robocalls must be signed

and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The Growing Problem of Automated Telemarketing

16. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

17. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-consumer-protection-federal-communications-commission-rulesregulations/160616robocallscomment.pdf.

18. In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls, compared with 3,401,614 in 2016. Federal Trade Commission, *FTC Releases FY 2017 National Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-events/press-releases/2017/12/ftc-releases-fy-2017-nationaldo-not-call-registry-data-book-dnc.

19. *The New York Times* recently reported on the skyrocketing number of robocall complaints and widespread outrage about illegal telemarketing. Tara Siegel Bernard, *Yes, It's Bad. Robocalls, and Their Scams, Are Surging*, N.Y. Times (May 6, 2018), https://www.nytimes.com/2018/05/06/your-money/robocalls-riseillegal.html; *see also* Katherine Bindley, *Why Are There So Many Robocalls? Here's What You Can Do About Them*, Wall St. J. (July 4, 2018), https://www.wsj.com/articles/why-there-are-so-manyrobocalls-heres-what-you-can-do-about-them-1530610203.

20. Even more recently, a technology provider combating robocalls warned that nearly half of all calls to cell phones next year will be fraudulent. Press Release, First Orion, *Nearly 50% of U.S. Mobile Traffic Will Be Scam Calls by 2019* (Sept. 12, 2018), https://www.prnewswire.com/news-releases/nearly-50-of-us-mobile-traffic-will-be-scam-calls-by-2019-300711028.html.

**FACTUAL ALLEGATIONS**

21. Momentum Solar sells and installs solar panels.

22. Momentum Solar uses telemarketing to promote its products.

23. Momentum Solar's telemarketing efforts include the use of predictive dialers and pre-recorded calls.

24. Recipients of these calls, including Plaintiffs, did not consent to receive them.

25. The Defendant used this equipment because it allows for thousands of automated calls to be placed at one time, but its telemarketing representatives, who are paid by the hour, only talk to individuals who pick up the telephone for autodialed calls or who respond to the prerecorded voice call. Through this method, the Defendant shifts the burden of wasted time to the consumers it calls with unsolicited messages.

Calls to Mr. Perrong

26. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

27. Plaintiff Perrong's telephone, (215) 322-XXXX, is a residential telephone line.

28. Plaintiff Perrong's telephone, (215) 322-XXXX, was placed on the National Do Not Call Registry for more than 30 days prior to the first call.

29. Plaintiff Perrong's telephone, (215) 322-XXXX, is not associated with a business and is for personal use.

30. On February 28, 2019, Mr. Perrong received a pre-recorded call from (215) 876-1804.

31. This Caller ID number was "spoofed," as that number is not in service.

32. In other words, the Defendant manipulated the dialing system to use a Caller ID number that was local to the Plaintiff in hopes that he would answer.

33. Mr. Perrong answered the call.

34. Mr. Perrong heard a pre-recorded voice at the beginning of the call advertise solar services.

35. Confirming the pre-recorded call, Momentum Solar followed up with Mr. Perrong with a telemarketing call on March 11, 2019 based on the February 28, 2019 call.

36. Mr. Perrong confirmed the identity of the caller by engaging their services.

37. After Mr. Perrong had engaged the services of Momentum to confirm their identity, he cancelled the appointment.

38. Mr. Perrong also sent an e-mail to Momentum asking them why he had been contacted in the first place.

39. Despite this letter, Mr. Perrong received another 20 telemarketing calls from Momentum after March 11, 2019.

6

40. The calls to Mr. Perrong continue.

Calls to Mr. Breines

41. Plaintiff Breines is a "person" as defined by 47 U.S.C. § 153(39).

42. Plaintiff Breines telephone number, (908) 310–XXXX is assigned to a cellular telephone service.

43. Plaintiff Breines' telephone, (908) 310-XXXX, was placed on the National Do Not Call Registry for more than 30 days prior to the first call.

44. Plaintiff Breines' telephone, (908) 310-XXXX, is owned by him as a personal cell phone and he is the subscriber and customary user of that phone.

45. On November 30, 2018 Plaintiff Breines received an unsolicited telemarketing call from (908) 905-0861.

46. Upon information and belief, that Caller ID number is "spoofed" and is not in service. In other words, the Defendant manipulated the dialing system to use a Caller ID number that was local to the Plaintiff in hopes that he would answer.

47. Mr. Breines answered the call.

48. Mr. Breines noted a significant pause before being connected to an agent.

49. Confirming the call, Momentum Solar followed up with Mr. Breines with many calls and text message appointment reminders beginning on November 30, 2018.

Common Allegations

50. To the extent Defendant contends that they obtained consent or agreement from Plaintiff and the class members for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that such records be maintained.

51. In any event, consent is an affirmative defense under the TCPA, and is unavailable unless Defendant can show that they had prior express consent in writing, and that

7

they have otherwise complied with all of the requirements of 47 C.F.R. § 64.1200(c)(2), including maintaining written procedures on national do-not-call rules, training personnel on national do-not-call rules, maintaining an internal do-not-call list, and accessing the national do-not-call database no more than 31 days prior to making any calls, and maintaining records documenting such access.

52. Plaintiffs and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and other class members.

## CLASS ALLEGATIONS

53. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

> **Autodialed Class:** All persons in the United States who from four years prior to the filing of this action: (1) Defendant (or an agent acting on behalf of Defendant) called, (2) using the same dialing equipment used to call Plaintiff Breines, (3) for substantially the same reason Defendant called Plaintiff Breines, and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call Plaintiff Brienes, or (b) Defendant does not claim to have obtained prior express written consent.

> **Pre-Recorded Call to Residential Line Class**: All persons in the United States who from four years prior to the filing of this action: (1) Defendant (or an agent acting on behalf of Defendant) called (2) using a pre-recorded voice (3) for substantially the same reason Defendant called Plaintiff Perrong, and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to call the Plaintiff Perrong, or (b) Defendant does not claim to have obtained prior express written consent.

8

The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiffs anticipate the need to amend the Class definitions following appropriate discovery.

54. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

55. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

> (a) whether Defendant utilized an automatic telephone dialing system to make its calls to Plaintiff Breines and the members of the Autodialed Class;
>
> (b) whether Defendant systematically made multiple telephone calls to Plaintiff Perrong and members of the Pre-Recorded Call to Residential Line Class;
>
> (c) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;
>
> (d) whether Defendant's conduct constitutes a violation of the TCPA; and
>
> (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

56. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiffs have no interests antagonistic to those of the Classes, and Defendant has no

defenses unique to Plaintiffs. Plaintiffs and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiffs nor his counsel has any interest adverse to the Classes.

57.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Breines and the Autodialed Class)**

58.     Plaintiff Breines repeats and reallege paragraphs 1-4, 5, 7-25, 41-49 and 50-52 of this Complaint and incorporates them by reference herein.

59.     The foregoing acts and omissions of Momentum Solar and/or its affiliates, agents, and/or other persons or entities acting on Momentum Solar's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an autodialer to the Plaintiff's cellular telephone.

60. The Defendant's violations were negligent, willful, or knowing.

61. As a result of Momentum Solar's and/or its affiliates, agents, and/or other persons or entities acting on Momentum Solar's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

62. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Momentum Solar and/or its affiliates, agents, and/or other persons or entities acting on Momentum Solar's behalf from making autodialed calls, except for emergency purposes, to any cellular telephone number in the future.

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Perrong and the Pre-Recorded Call to Residential Line Class)**

63. Plaintiff Perrong repeats and realleges the paragraphs 1-4, 6, 7-25, 26-40, 50-57 of this Complaint and incorporates them by reference herein.

64. The TCPA also makes it unlawful to make or initiate a call "using an artificial or prerecorded voice "without the prior express consent of the called party". *See* 47 U.S.C. §§ 227(b)(1)(A), (B).

65. The Defendant's violations were negligent, willful, or knowing.

66. As a result of Momentum Solar's and/or its affiliates, agents, and/or other persons or entities acting on Momentum Solar's behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1), Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

67. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Momentum Solar and/or its affiliates, agents, and/or other persons or entities

acting on Momentum Solar's behalf from making pre-recorded telemarketing calls, except for emergency purposes, to any residential telephone number in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, prays for the following relief:

    A.    Certification of the proposed Classes;

    B.    Appointment of Plaintiffs as representatives of the Classes;

    C.    Appointment of the undersigned counsel as counsel for the Classes;

    D.    A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

    E.    An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making unsolicited autodialed calls, except for emergency purposes, to any cellular telephone number, pre-recorded voice calls, and other calls to consumers whose telephone numbers are registered on the Registry in the future.

    F.    An award to Plaintiffs and the Classes of damages, as allowed by law;

    G.    Leave to amend this Complaint to conform to the evidence presented at trial; and

    H.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**ERIC (RIC) BREINES AND ANDREW PERRONG**, individually and on behalf of those similarly situated individuals

Dated: March 27, 2019

*/s/ Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Trial Counsel*