UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO.: 19-cv-0353-BJD-PDB

ERIC BREINES AND ANDREW
PERRONG, INDIVIDUALLY, and
on behalf of all others similarly
situated,

        DISPOSITIVE
        MOTION

        Plaintiffs,

v.

PRO CUSTOM SOLAR LLC,
D/B/A MOMENTUM SOLAR,
a New Jersey company

        Defendant
_____/

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFFS' CLASS-ACTION COMPLAINT

Defendant Pro Custom Solar LLC ("Defendant") hereby moves to dismiss the class-action complaint of plaintiffs Eric Breines ("Breines") and Andrew Perrong ("Perrong") pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs purport to bring a lawsuit under the Telephone Consumer Protection Act ("TCPA"), yet fail to plead non-conclusory allegations that—even if accepted as true—would establish a TCPA claim. There is no indication that Defendant initiated the purported phone calls, and no indication that Defendant should be vicariously liable for the actions of these phantom callers.

As for Perrong specifically, he claims that Defendant made unlawful use of a prerecorded voice. The pleading conveniently omits what was said during this initial call.

The omitted narrative continues from there. Two weeks passed following the initial call, and only then did Defendant call Perrong—though Perrong does not allege that this call violated the TCPA.

As for Breines specifically, he claims that Defendant made unlawful use of an automatic telephone dialing system ("ATDS"). Breines provides no facts whatsoever to support his self-serving conclusion. Though he claims there was a "significant pause" between his picking up and the start of dialogue, a "significant pause" does not violate the TCPA and is no basis for a class-action lawsuit. Breines, similar to Perrong, omits what was said during his call—a glaring omission for someone hoping to establish that Defendant or Defendant's agent initiated it.

## FACTS

A significant portion of Plaintiffs' complaint is dedicated to legal argument and general reference to the telemarketing industry. *See* Compl. ¶ 19 (citing a *New York Times* article's reporting on "the skyrocketing number of robocalls"). What follows below is a summary of the allegations actually germane to this litigation, which are accepted as true for the purposes of this motion.

I.     **ALLEGATIONS SPECIFIC TO PERRONG**

On February 28, 2019, Perrong received a call on his residential phone line bearing a (215) area code. *Id.* at ¶¶ 27, 29-30. Perrong does not allege Defendant initiated this

2

call; Perrong does not identify the caller at all.[1]  Perrong merely alleges that a prerecorded voice advertised "solar services."  *Id.* at ¶ 34.  Perrong does not allege that the caller/voice mentioned Defendant by name, or that it mentioned anything at all leading him to believe it had been initiated on Defendant's behalf.

On March 11, 2019, Perrong claims he received a call from Defendant.  *Id.* at ¶ 35.  This 11-day gap is Perrong's sole basis connecting Defendant to the February call.  Perrong does not allege any other facts that hint at a connection.  Perrong does not reference any representations made by Defendant whatsoever, much less representations manifesting some type of agency between Defendant and the February caller.

Perrong goes on to concede that he expressed interest in Defendant's services during this March call.  *Id.* at ¶ 36.  Curiously, Perrong laments that Defendant followed up with him after he had expressed this interest.  *Id.* at ¶¶ 37-40.

II.    **ALLEGATIONS SPECIFIC TO BREINES**

On November 30, 2018, Breines claimed to have received a call on a number purportedly assigned to a cellular telephone service.  *Id.* at ¶¶ 42, 45.  That number bears a (908) area code.  *Id.* at ¶ 42-44.  Breines likewise fails to allege that Defendant initiated

---

[1]    Perrong claims that Defendant "spoofed" the call by manipulating its origination information so that his Caller ID would confuse it with a local number.  Compl. ¶ 32.  But given that Perrong does not allege Defendant initiated the call, it is unclear how Defendant could have "spoofed" it.

3

this call, and fails to identify the caller at all.[2] Though Perrong claims that the initiating caller advertised "solar services," Breines makes no mention of anything said by his caller. Indeed, he only takes issue with what the agent did not say, *i.e.*, Breines cites a "significant pause" at the outset of the communication. *Id.* at ¶ 48. Breines does not allege that the phantom "agent" mentioned Defendant by name, or that it mentioned anything at all leading him to believe the call had been initiated on Defendant's behalf.

Similar to Perrong, Breines takes issue with calls made by Defendant subsequent to the subject call. *Id.* at ¶ 49. Again like Perrong, Breines does not plead any facts that hint at connection between Defendant and the "agent" who initiated the first call. Breines does not even mention when these subsequent calls occurred.

## ARGUMENT

**I.      PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE TCPA AND THEIR COMPLAINT SHOULD THEREFORE BE DISMISSED.**

A complaint can only survive pre-answer dismissal if it contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

---

[2]      Breines also copies-and-pastes the claim that Defendant "spoofed" the initiating call, though (like Perrong) fails to explain how this allegation could be true if Defendant had not initiated it.

4

"Sufficient factual matter" requires more than merely inserting a defendant's name alongside the claim's requisite elements. *Id.* "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* "[A] complaint must 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Pullen v. Jones*, No. 3:19-cv-133-J-39JRK, 2019 U.S. Dist. LEXIS 68277, at *2 (M.D. Fla. Apr. 22, 2019) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)).

Plaintiffs both fail to satisfy these well-established pleading standards. Neither Perrong nor Breines plead facts showing that Defendant initiated the subject calls. Neither Perrong nor Breines plead facts showing that the callers were acting as Defendant's agent. Moreover, Breines fails to plead facts showing that—even if Defendant did initiate the call—Defendant used an ATDS.

    **A.**    **Defendant is not is directly liable for the calls, because both Plaintiffs fail to plead that Defendant initiated them.**

Plaintiffs fail to sufficiently support a direct-liability claim. Though the TCPA holds parties liable who initiate violative telemarketing, that requires proving that the defendant physically placed the call. *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574, 6582 (2013). A "person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role,

however minor, in the causal chain that results in the making of a telephone call." *Id.* at 6583.

There is no allegation that Defendant physically placed the call. Plaintiffs' pleading not only fails to allege facts supporting the conclusion that Defendant initiated the call; Plaintiffs' pleading fails to even allege, in conclusory fashion, that Defendant physically placed the two calls giving rise to their complaint.

Indeed, the non-conclusory allegations stand against direct liability. Plaintiffs indicate that some unknown actor initiated both calls. As for Breines, he alleges some unknown "agent" placed the call.[3] Compl. ¶ 48. He does not mention Defendant until later in his story, expressly noting that it had only "followed up" on the initial call. *Id.* at ¶ 49. Perrong similarly fails to allege Defendant contacted him until well after he received the call forming the basis of his claim. *Id.* at ¶ 35. Nearly two weeks elapsed between Perrong's call and Defendant's supposed involvement.

> **B.     Defendant is not vicariously liable for the calls, because both Plaintiffs fail to plead that the callers were acting as Defendant's agents.**

Plaintiffs fail to plead facts sufficient to raise, beyond a speculative level, that Defendant is vicariously liable for the alleged calls. When a plaintiff seeks to establish vicarious liability under the TCPA, the plaintiff must rely upon common-law agency principles: actual authority, apparent authority, and ratification. *Shamblin v. Obama for Am.*, No. 8:13-cv-2428-T-33TBM, 2015 U.S. Dist. LEXIS 50989, at *6 (M.D. Fla. Apr. 17, 2015) (citing *Dish*, 28 FCC Rcd. at 6586). "A court determining the existence of

---

[3]     Breines is even unclear as to whether this "agent" initiated the call. Breines alleges that he was, at some point, "connected" to the agent. Compl. ¶ 48.

vicarious liability must first assess whether the principal had the necessary agency relationship with the direct wrongdoer to support such liability." *Legg v. Voice Media Grp., Inc.*, 20 F. Supp. 3d 1370, 1377 (S.D. Fla. 2014) (citing *CFTC v. Gibraltar Monetary Corp.*, 575 F.3d 1180, 1189 (11th Cir. 2009)).  Vicarious liability does not extend "beyond these delineated agency principles in the context of the TCPA."  *Snyder v. iCard Gift Card, LLC*, 2017 U.S. Dist. LEXIS 222844, at *2 (S.D. Fla. May 11, 2017) (citing *Dish* at 6585-86) (internal citations omitted).

Plaintiffs must plead facts that, if proven true, would establish that Defendant should be held liable for another party's violation of the TCPA.  "[S]ufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks v. Buffalo Wild Wings, Inc.,* 2018 U.S. Dist. LEXIS 52328, No. 17-cv-7129-YGR, at *5 (N.D. Cal. Mar. 28, 2018); *Abramson v. 1 Glob. Capital, LLC,* No. 15-cv-61373, 2015 U.S. Dist. LEXIS 181721, at *3 (S.D. Fla. Sept. 23, 2015) (dismissing vicarious-liability TCPA claim because the allegations "were conclusory in nature" and "merely stated, without legal support, that third parties were regularly utilized by telemarketers").  Plaintiffs' failure to do so is a failure to state a claim.

       1.    *<u>Plaintiffs fail to plead any non-conclusory facts establishing that these unknown callers acted with Defendant's actual authority.</u>*

There is nothing in Plaintiffs' complaint that suggests Defendant conferred actual authority upon the alleged callers to act on its behalf.  An "agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the

7

principal wishes the agent so to act." *GDG Acquisitions LLC v. Gov't of Belize*, 849 F.3d 1299, 1308 (11th Cir. 2017) (quoting Restatement (Third) of Agency § 2.01 (2006)).

To begin with, Plaintiffs fail to even lob conclusory allegations of actual authority. Plaintiffs do not use the terms "actual," "authority," or "authorize," within their complaint in any substantive fashion.

Beyond the lack of conclusory allegations, Plaintiffs' complaint is also devoid of non-conclusory facts pertinent to actual authority. Pleading actual authority for a TCPA claim requires pleading facts to show that the defendant controlled the manner and means of the agent's telemarketing. *Warciak v. Subway Rests., Inc.*, No. 1:16-cv-8694, 2019 U.S. Dist. LEXIS 32357, at *6 (N.D. Ill. Feb. 28, 2019) (dismissing TCPA actual-authority claim because "[n]otably absent from the complaint [were] any facts alleging that [defendant] controlled the timing, content, or recipients of the text message").

Plaintiffs do not allege that a contract existed between Defendant and either of the callers.[4] They do not allege that Defendant identified the targeted recipients, authored the advertising scripts, set forth specific benchmarks, or dictated the use of certain technology. The absence of such allegations is fatal to Plaintiffs' actual-authority theory. *See Jenkins v. Nat'l Grid USA*, No. 15-cv-1219-JS-GRB, 2017 U.S. Dist. LEXIS 49365, at *21-22

---

[4] Had Plaintiffs pled the existence of a contract, that still would not have sufficiently alleged the existence of an agency relationship within the realm of TCPA claims. *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) ("[T]he existence of a contract between CCL and Adsource—even one that imposes certain constraints on Adsource—does not necessarily mean that CCL had the power to give 'interim instructions' to Adsource, the hallmark of an agency relationship.").

8

(E.D.N.Y. Mar. 31, 2017) (pointing to the extensive, specific facts that must be alleged for an agency theory to survive pre-answer dismissal).

Even if inference is stacked atop inference, Plaintiffs would still fail to plead facts sufficient for an apparent-authority claim. For example, Breines alleges he received a call and was then connected to an unknown "agent." Compl. ¶ 48. If this agent was Defendant, which is not something Breines alleges, then his complaint would still fail to state a claim. *See Childress v. Liberty Mut. Ins. Co.*, No. 17-cv-1051-MV/KBM, 2018 U.S. Dist. LEXIS 167281, at *10-11 (D.N.M. Sept. 28, 2018) ("The transfer of the call, however, does not establish that Defendant exerted control over the initiator of the call, supervised or controlled the initial call, or maintained any sort of relationship with the initiator of the call, and thus is insufficient to establish an agency relationship between the transferor and Defendant.") (citing *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018)).

> 2. *Plaintiffs fail to plead any non-conclusory facts establishing that these unknown callers acted with Defendant's apparent authority.*

Plaintiffs' alternative apparent-authority theory fares no better than their attempt to invoke direct authority. Apparent authority exists when: (1) the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal; (2) the third party's belief was reasonable; and (3) the third party reasonably acted on such belief to his detriment. *Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1371 (S.D. Fla. 2005).

The communications giving rise to apparent authority must come from the purported principal if Plaintiffs hope to maintain their TCPA claims. *See, e.g.*, *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1347-48 (S.D. Fla. 2018) (requiring allegations of "a

9

representation by the principal to the plaintiff [that] causes the plaintiff reasonably to believe that the alleged agent is authorized to act for the principal's benefit"); *Thomas v. Taco Bell Corp.*, 582 Fed. App'x 678, 679-80 (9th Cir. 2014) (holding in a TCPA case that plaintiff's vicarious-liability claim fails because she "has not shown that she reasonably relied, much less to her detriment, on any apparent authority with which [the defendant] allegedly cloaked [the telemarketers]").

Plaintiffs' complaint does not discuss any communications, whatsoever, between Plaintiffs and Defendant that even suggest these unknown callers acted with Defendant's authority. Plaintiffs are largely silent as to what Defendant said to them. Plaintiffs therefore fail to plead that Defendant is liable for these calls by way of apparent authority. *See Warciak*, 2019 U.S. Dist. LEXIS 32357, at *7-8 (rejecting the plaintiff's apparent-authority theory due to the absence of any communications that could have manifest the reasonable belief an agency relationship existed).

To the extent Plaintiffs allege that Defendant's subsequent calls evidence Defendant's involvement in the initial calls, that theory fails to state a claim. *See Bank v. Vivint Solar, Inc.*, No. 18-cv-2555 (MKB), 2019 U.S. Dist. LEXIS 30638 (E.D.N.Y. Feb. 25, 2019), at *6 (granting defendant's dismissal motion notwithstanding plaintiff's allegation that defendant contacted him 30 minutes after the allegedly violative call).

   3. *<u>Plaintiffs fail to plead any non-conclusory facts establishing that these unknown callers are agents by way of ratification.</u>*

Plaintiffs' streak of failing to support their agency theory continues with their failure to sufficiently plead ratification. Ratification requires the complainant to allege facts showing that the principal manifested its assent to the caller's conduct, or engaged in

10

conduct that justified a reasonable assumption of assent. *GDG Acquisitions*, 849 F.3d at 1308-09 (citing Restatement (Third) of Agency § 4.01)

Plaintiffs do not allege that Defendant assented to the conduct of the phantom callers. They also fail to allege any circumstantial facts indicating assent. For example, Plaintiffs do not allege that Defendant accepted any benefits flowing from their two calls. Plaintiffs would have struggled to raise such an allegation, because no benefits appear to have been available.

Plaintiffs also do not allege that Defendant, even if they had assented to the callers' conduct, did so with knowledge of same. "Even if a principal ratifies an agent's act, the principal is not bound by a ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking." *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (citing Restatement (Third) of Agency § 4.01); *see also Legg*, 20 F. Supp. 3d at (granting summary judgment absent knowledge on defendant's part that its agents had sent unwanted text messages in violation of the TCPA).

Moreover, Defendant can only be liable through ratification if Plaintiffs first establish that an agency relationship exists. *Thomas*, 582 Fed. App'x at 680. "[W]hen an actor is not an agent and does not purport to be one, the doctrine of ratification does not apply." *Canary v. Youngevity Int'l, Inc.*, No. 5:18-cv-3261-EJD, 2019 U.S. Dist. LEXIS 46429, at *23 (N.D. Cal. Mar. 20, 2019) (internal quotations omitted). Plaintiffs are unable establish the existence of an agency relationship, for reasons expressed in greater detail

within the preceding subsections, and therefore fail to establish this necessary element for ratification-based liability.

In sum, there are no agency-based theories available to Plaintiffs given their failure to plead non-conclusory facts essential for proving same. Plaintiffs thus fail to state a claim for vicarious liability.

### C. Breines fails to plead that his caller, whoever it may be, used an ATDS.

Even if one assumes that Breines' caller was either Defendant's agent or Defendant itself, Breines still fails to plead a TCPA claim. That is because Breines fails to plead sufficient facts to support his conclusion that the caller used an ATDS.[5]

In relevant part, the TCPA makes it unlawful for any person to "to make any call (other than a call made . . . with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service. . . ." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

"'[A] bare allegation that defendants used an [ATDS] is not enough. Instead, well-pled allegations of an [ATDS] rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an [ATDS] was used.'" *Mesa v. Am. Express Educ. Assurance Co.*,

---

[5] The only TCPA violation Breines cites in support of his claim is that his caller used an ATDS. Compl. ¶ 59.

No. 16-cv-24447, 2017 U.S. Dist. LEXIS 75770, at *14 (S.D. Fla. May 18, 2017) (quoting *Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111, 1114 (W.D. Wash. 2013)).

For example, in *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312 (S.D. Fla. 2012), the plaintiff alleged that the defendant (or its employee or representative) had contacted the plaintiff four times for non-emergency purposes without his consent. *Id.* at 1314. The plaintiff alleged that he spoke to a live representative who had attempted to get him to pay off a debt. *Id.* Although the plaintiff could only specify four times in which he was contacted, he claimed that he was contacted "many times" and that the calls were made "using an automatic dialing system or pre-recorded or artificial voice in violation of the TCPA." *Id.* There, the Court found that the plaintiff's conclusory allegations failed to "state a claim under the TCPA" because the plaintiff had "not sufficiently alleged that Defendant used an automatic telephone dialing system or artificial or prerecorded voice to make any phone calls to his cellular telephone." *Id.* at 1316. Indeed, the Court noted that the complaint was "devoid of any factual allegations" supporting plaintiff's TCPA claim and that plaintiff's allegations that he spoke with a representative actually "negate[d] a claim that the calls were made by an automated dialing system or artificial or prerecorded voice." *Id.*; *see also McGinity v. Tracfone Wireless, Inc.*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014) (dismissing TCPA claims where the plaintiff alleged she spoke to a live representative).

Courts consistently grant motions to dismiss complaints alleging violations of the TCPA where the plaintiff has merely recited the statutory language and has failed to provide details supporting use of an ATDS. *See Bonanno v. New Penn Fin., LLC*, No.

5:17-cv-229-OC-30PRL, 2017 U.S. Dist. LEXIS 118407, at *14 (M.D. Fla. July 28, 2017) ("Merely alleging [the defendant] made calls 'using an automated dialing system, using an artificial or prerecorded voice, or using both' does not create any inference supporting the allegation that calls were made using an automatic dialing system, and are insufficient to state a facially plausible claim.") (internal quotations omitted); *Mesa*, 2017 U.S. Dist. LEXIS 75770, at *5 (granting motion to dismiss TCPA claims where plaintiff "insufficiently alleged the use of an automatic telephone dialing system").[6]

Here, Breines fails to plausibly allege the use of an ATDS. He merely notes a "significant pause" after he picked up the phone. Breines provides no insight into how this pause is indicative, or even suggestive, of an ATDS. He merely "supplements" this allegation with conclusory copying-and-pasting of the TCPA's language.

Much like the plaintiff in *Duran*, Breines merely recites the statutory language. And like the plaintiff in *Duran*, Breines' allegation that he actually spoke to a live

---

[6] *See also Weaver v. Wells Fargo Bank N.A.*, No. 8:15-cv-1247-T-23TGW, 2015 U.S. Dist. LEXIS 104520, at *10 (M.D. Fla. Aug. 10, 2015) (holding plaintiff fails to state TCPA claim where he alleges only that the defendant used an ATDS and fails to explain the circumstances that suggest Defendant used an ATDS); *Padilla v. Whetstone Partners, LLC*, No. 14-21079-CIV, 2014 U.S. Dist. LEXIS 95308, at *5-6 (S.D. Fla. July 14, 2014) (granting motion to dismiss TCPA claims where "amended complaint contains a recitation of the statutory cause of action"); *Moore v. Online Info. Servs., Inc.*, No. 13-61167-CIV, 2014 U.S. Dist. LEXIS 188508, at *4 (S.D. Fla. Jan. 10, 2014) ("Without enhancing the complaint with anything more than the statutory language, Plaintiff provides only a threadbare, formulaic recitation of the elements of a TCPA cause of action, which does not suffice.") (internal quotations omitted); *Walker v. Commercial Indus. Serv. Co., Inc.*, No. 13-61096-CIV, 2013 U.S. Dist. LEXIS 191743, at *3 (S.D. Fla. Oct. 1, 2013) (granting motion to dismiss where the complaint's "allegations appear to simply copy the TCPA" and "amount to nothing more than a formulaic recitation of the elements of a TCPA violation claim") (internal quotations omitted); *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1254 (M.D. Fla. 2012) (granting motion to dismiss where plaintiff merely "recited the elements of a TCPA claim").

representative cuts against any inference of ATDS usage. 878 F. Supp. 2d at 136. In sum, Breines' "copy and paste job is not entitled to the assumption of truth." *Walker v. Commercial Indus. Serv. Co., Inc.*, No. 13-61096-CIV, 2013 U.S. Dist. LEXIS 191743, at *3-4 (S.D. Fla. Oct. 1, 2013). The Court should therefore dismiss Breines' claim.

## CONCLUSION

For the reasons set forth herein, and within Defendant's other motion papers, Defendant respectfully requests this Court enter an order dismissing Plaintiff's class-action complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED: May 13, 2019

Respectfully submitted,

MARK MIGDAL & HAYDEN
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Yaniv Adar*
　　Josh Migdal
　　Florida Bar No. 19136
　　josh@markmigdal.com
　　Yaniv Adar, Esq.
　　Florida Bar No. 63804
　　yaniv@markmigdal.com
　　eservice@markmigdal.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of May 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ Yaniv Adar*
Yaniv Adar, Esq.