**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**CASE NO.: 19-cv-0353-BJD-PDB**

ERIC BREINES AND ANDREW
PERRONG, INDIVIDUALLY, and
on behalf of all others similarly
situated,

               Plaintiffs,

v.

PRO CUSTOM SOLAR LLC,
D/B/A MOMENTUM SOLAR,
a New Jersey company

               Defendant

_____/

                         **DISPOSITIVE**
                         **MOTION**

**DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

RELEVANT ALLEGATIONS..................................................................................... 3

ARGUMENT ............................................................................................................... 6

I.      APPLICABLE LEGAL STANDARDS ........................................................... 6

II.     THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO
        STATE A CLAIM UNDER THE TCPA UPON WHICH RELIEF MAY
        BE GRANTED ................................................................................................. 7

        a.      Plaintiffs Have Not Pleaded Facts Supporting the Elements of a
                TCPA Claim........................................................................................... 7

        b.      Plaintiffs Failed to State a Claim for Direct TCPA Liability
                Because They Have Pleaded No Facts that Momentum Physically
                Placed the Calls at Issue........................................................................ 8

        c.      Plaintiffs Have Not Pleaded Any Facts Supporting Vicarious
                TCPA Liability....................................................................................... 10

                i.      Vicarious Liability Under the TCPA or in Any Context
                        Requires a Special Relationship With and Control Over an
                        Agent by the Alleged Principal.................................................. 10

                ii.     Plaintiffs Have Pleaded No Facts Supporting Any Theory
                        of Vicarious Liability Against Momentum for the Calls at
                        Issue .......................................................................................... 12

        d.      Plaintiffs Pleaded No Facts Supporting Their Conclusions that the
                Calls at Issue Were Made With a Pre-Recorded Voice or Using an
                ATDS ...................................................................................................... 14

        e.      Plaintiffs Pleaded No Facts Supporting a Violation of the TCPA's
                "Internal DNC" Regulations as to Perrong ............................................ 17

III.    THE COURT SHOULD DISMISS THE COMPLAINT WITH
        PREJUDICE ..................................................................................................... 19

CONCLUSION............................................................................................................ 20

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abramson v. 1 Glob. Cap., LLC*,
2015 WL 12564318 (S.D. Fla. Sept. 23, 2015) ..........................................................12

*Aikens v. Synchrony Fin.*,
2015 WL 5818911 (E.D. Mich. July 31, 2015) ..........................................................15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................................................................6

*Augustin v. Santander Consumer USA, Inc.*,
43 F. Supp. 3d 1251 (M.D. Fla. 2012)..........................................................8, 15, 16

*Bank v. Vivint Solar, Inc.*,
2019 WL 2280731 (E.D.N.Y. Feb. 25, 2019), *report and rec. adopted
sub nom.*, 2019 WL 1306064 (E.D.N.Y. Mar. 22, 2019) ..........................................13

*Baranski v. NCO Fin. Sys.*,
2014 WL 1155304 (E.D.N.Y. Mar. 21, 2014)..........................................................16

*Barker v. Sunrun*,
2019 WL 1983291 (D.N.M. Apr. 29, 2019) ..........................................................12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..........................................................................................................6

*Bonanno v. New Penn Fin., LLC*,
2017 WL 3219517 (M.D. Fla. July 28, 2017) ..........................................................7, 16

*Boydston v. Asset Acceptance LLC*,
496 F. Supp. 2d 1101 (N.D. Cal. 2007) ..........................................................18

*Burdge v. Ass'n of Health Care Mgmt., Inc.*,
2011 WL 379159 (S.D. Ohio Feb. 2, 2011)..........................................................18

*Canary v. Youngevity Int'l, Inc.*,
2019 WL 1275343 (N.D. Cal. Mar. 20, 2019)..........................................................13

*Chester v. Bank of Am.*,
2014 WL 12117966, at *5 (N.D. Ga. May 7, 2014), *report and rec.
adopted*, 2014 WL 12284023 (N.D. Ga. Aug. 28, 2014) ..........................................7

*Childress v. Liberty Mut. Ins. Co.*,
2018 WL 4684209 (D.N.M. Sept. 28, 2018) ..........................................................8, 9, 12

*Crinkley v. Holiday Inns, Inc.*,
844 F.2d 156 (4th Cir. 1988) ..........................................................13

*Cunningham v. Channer*,
2018 WL 4620391 (W.D.N.Y. Sept. 26, 2018) ..........................................................12

# TABLE OF AUTHORITIES
## (continued)

Page

*Cunningham v. Health Plan Intermediate Holdings, LLC*,
2018 WL 835222 (N.D. Ill. Feb. 13, 2018) ................................................................12

*Cunningham v. Kondaur Capital*,
2014 WL 8335868 (M.D. Tenn. Nov. 19, 2014) .......................................................10

*Cunningham v. Sunshine Consulting Group*,
2018 WL 3496538 (M.D. Tenn. July 20, 2018) ........................................................12

*Curry v. Synchrony Bank, N.A.*,
2015 WL 7015311 (S.D. Miss. Nov. 12, 2015).........................................................15

*Danehy v. Jaffe & Asher, LLP*,
2015 WL 1249879 (E.D.N.C. Mar. 17, 2015) ...........................................................16

*Davila v. Delta Air Lines, Inc.*,
326 F.3d 1183 (11th Cir. 2003) ................................................................................7

*Dobkin v. Enter. Fin. Group, Inc.*,
2014 WL 4354070 (D.N.J. Sept. 3, 2014) ................................................................10

*Donaca v. Dish Network, LLC*,
303 F.R.D. 390 (D. Colo. 2014) ...............................................................................8

*Duguid v. Facebook, Inc.*,
2017 WL 635117 (N.D. Cal. Feb. 16, 2017) ............................................................17

*Duran v. Wells Fargo Bank, N.A.*,
878 F. Supp. 2d 1312 (S.D. Fla. 2012) ..............................................................14, 15

*Ellison v. Crews*,
2018 WL 3999661 (M.D. Fla. July 16, 2018) ............................................................6

*Estrella v. Ltd. Fin. Servs., LP*,
2015 WL 6742062 (M.D. Fla. Nov. 2, 2015) ...........................................................16

*Fisher v. Alarm.com Hldgs.*,
2018 WL 5717579 (N.D. Ill. Nov. 1, 2018) .............................................................12

*Frame v. Cal-W. Reconveyance Corp.*,
2011 WL 3876012 (D. Ariz. Sept. 2, 2011)..............................................................19

*Freidman v. Massage Envy Franchising, LCC*,
2013 WL 3026641 (S.D. Cal. June 13, 2013).............................................................12

*GDG Acquisitions LLC v. Gov't of Belize*,
849 F.3d 1299 (11th Cir. 2017) ...............................................................................11

*Gilmore v. Diversified Consulting*,
2015 WL 12030517 (D. Alaska Jan. 13, 2015) .........................................................16

*Gonzalez v. Ocwen Loan Servicing, LLC*,
2018 WL 4217065 (M.D. Fla. Sept. 5, 2018)............................................................16

# TABLE OF AUTHORITIES
## (continued)

Page

*Gulden v. Consol. World Travel Inc.*,
  2017 WL 3841491 (D. Ariz. Feb. 15, 2017) ................................................. 9

*Hamilton v. Voxeo Corp.*,
  2009 WL 1868542 (S.D. Ohio June 25, 2009) ........................................... 19

*Hanley v. Green Tree Serv.*,
  934 F. Supp. 2d 977 (N.D. Ill. 2013) .......................................................... 16

*Hernandez v. Select Portfolio, Inc.*,
  2015 WL 3914741 (C.D. Cal. June 25, 2015) ........................................... 17

*Holt v. Facebook*,
  240 F. Supp. 3d 1021 (N.D. Cal. 2017) ..................................................... 15

*Honig v. Kornfeld*,
  339 F. Supp. 3d 1323 (S.D. Fla. 2018) ...................................................... 13

*Hurley v. Messer*,
  2018 WL 4854082 (S.D. W.Va. Oct. 4, 2018) .......................................... 10

*In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*,
  223 F. Supp. 3d 514 (N.D. W.Va. 2016), *aff'd sub nom.*, 885 F.3d 243
  (4th Cir. 2018) ............................................................................. 11, 12, 13

*Jackson v. Bank of N.Y. Mellon*,
  2016 WL 4942085 (S.D. Ala. July 19, 2016) ........................................... 16

*Jackson v. Caribbean Cruise Line, Inc.*,
  88 F. Supp. 3d 129, 135 (E.D.N.Y. 2015) ................................................... 8

*Johansen v. HomeAdvisor*,
  218 F. Supp. 3d 577 (S.D. Ohio 2016) ...................................................... 12

*Johnson v. Georgia*,
  661 F. App'x 578 (11th Cir. 2016) ............................................................. 19

*Jones v. NCO Fin. Servs.*,
  2014 WL 6390633 (D. Mass. Nov. 14, 2014) ........................................... 16

*Jones v. Royal Admin. Servs., Inc.*,
  866 F.3d 1100 (9th Cir. 2017) .................................................................... 11

*Jones v. Royal Admin. Servs., Inc.*,
  887 F.3d 443 (9th Cir. 2018) ............................................................... 11, 13

*Keating v. Peterson's Nelnet, LLC*,
  615 F. App'x 365 (6th Cir. 2015) .......................................................... 10, 12

*Kern v. VIP Travel Servs.*,
  2017 WL 1905868 (W.D. Mich. May 10, 2017) ....................................... 12

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Kristensen v. Credit Payment Servs.*,
12 F. Supp. 3d 1292, 1301 (D. Nev. 2014)..........................................................................11, 13

*Kristensen v. Credit Payment Servs.*,
2015 WL 4477425 (D. Nev. July 20, 2015), *aff'd*, 879 F.3d 1010 (9th
Cir. 2018) .............................................................................................................................12

*Linlor v. Five9, Inc.*,
2017 WL 5885671 (S.D. Cal. Nov. 29, 2017).................................................................11, 12

*Margulis v. Generation Life Ins. Co.*,
2015 WL 1260483 (E.D. Mo. Mar. 19, 2015) ........................................................................15

*Martin v. Allied Interstate, LLC*,
192 F. Supp. 3d 1296 (S.D. Fla. 2016) ...................................................................................15

*Martin v. Direct Wines, Inc.*,
2015 WL 4148704 (N.D. Ill. July 9, 2015)..............................................................................15

*Martin v. Kovalcin*,
2016 WL 11002592 (C.D. Cal. June 20, 2016) ..................................................................15, 17

*McGinity v. Tracfone Wireless*,
5 F. Supp. 3d 1337 (M.D. Fla. 2014)..................................................................................15, 17

*Meeks v. Buffalo Wild Wings, Inc.*,
2018 WL 1524067 (N.D. Cal. Mar. 28, 2018).................................................................10, 11, 12

*Melito v. Am. Eagle Outfitters*, Inc.,
2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015)..........................................................................10, 12

*Mesa v. Am. Express Educ. Assurance Co.*,
2017 WL 2212147 (S.D. Fla. May 18, 2017) ..........................................................................16

*Murray v. Choice Energy*,
2015 WL 4204398 (S.D. Ohio July 10, 2015)..........................................................................12

*Naiman v. Freedom Forever, LLC*,
2019 WL 1790471 (N.D. Cal. Apr. 24, 2019).................................................................10, 12, 18

*Naiman v. TranzVia LLC*,
2017 WL 5992123 (N.D. Cal. Dec. 4, 2017)..........................................................................11, 12

*Norman v. Alliance One Receivables Mgmt.*,
637 F. App'x 214 (7th Cir. 2015) .............................................................................................16

*Norman v. Sito Mobile Solutions*,
2017 WL 1330199 (D.N.J. Apr. 6, 2017) ................................................................................16

*Orsatti v. Quicken Loans, Inc.*,
2016 WL 7650574 (C.D. Cal. Sept. 12, 2016) ........................................................................8, 18

**TABLE OF AUTHORITIES**
(continued)

Page

*Panacci v. A1 Solar Power, Inc.*,
    2015 WL 3750112 (N.D. Cal. June 15, 2015) ...........................................................12

*Pullen v. Jones*,
    2019 WL 1776803 (M.D. Fla. Apr. 23, 2019) .......................................................6, 12

*Reo v. Caribbean Cruise Line*,
    2016 WL 1109042 (N.D. Ohio Mar. 18, 2016) ...............................................12, 15, 16

*Ridge at Red Hawk, L.L.C. v. Schneider*,
    493 F.3d 1174 (10th Cir. 2007) ...........................................................................7

*Roe v. Aware Woman Ctr. for Choice, Inc.*,
    253 F.3d 678 (11th Cir. 2001) ............................................................................6

*Salmon v. CRST Expedited, Inc.*,
    2016 WL 47876 (N.D. Okla. Jan. 4, 2016)...........................................................12

*Saragusa v. Countrywide*,
    2016 WL 1059004 (E.D. La. Mar. 17, 2016), *aff'd*, 707 F. App'x 797
    (5th Cir. 2017)...............................................................................................15

*Selou v. Integrity Sol.Servs. Inc.*,
    2016 WL 612756 (E.D. Mich. Feb. 16, 2016) .......................................................12

*Sepehry-Fard v. Dep't Stores Nat'l Bank*,
    15 F. Supp. 3d 984 (N.D. Cal. 2014), *aff'd in part*, 670 F. App'x 573
    (9th Cir. 2016)...............................................................................................10

*Sinaltrainal v. Coca-Cola Co.*,
    578 F.3d 1252 (11th Cir. 2009) ...........................................................................6

*Smith v. Aitima Med. Equip., Inc.*,
    2016 WL 4618780 (C.D. Cal. July 29, 2016) .......................................................15

*Smith v. NCO Fin. Sys.*,
    2015 WL 2185252 (E.D. Cal. May 8, 2015) .........................................................16

*Smith v. State Farm Mut. Auto. Ins. Co.*,
    2013 WL 5346430 (N.D. Ill. Sept. 23, 2013) .......................................................12

*Smith v. State Farm Mut. Auto. Ins. Co.*,
    30 F. Supp. 3d 765, 771 (N.D. Ill. 2014) ..............................................................9

*Thomas v. Taco Bell Corp.*,
    879 F. Supp. 2d 1079 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (2014)...........12, 13

*Trumper v. GE Capital Retail Bank*,
    2014 WL 7652994 (D.N.J. July 7, 2014).............................................................14

*Vanover v. NCO Fin. Sys., Inc.*,
    2015 WL 12696108 (M.D. Fla. Nov. 17, 2015) .....................................................15

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Vessal v. Alarm.com,*
2017 WL 4682736 (N.D. Ill. Oct. 18, 2017)................................................................8

*Wallack v. Mercantile Adjustments Bureau, Inc.,*
2014 WL 1515852 (E.D. Mich. Apr. 18, 2014).......................................................10

*Warciak v. Subway Rest., Inc.,*
2019 WL 978666 (N.D. Ill. Feb. 28, 2019) ...................................................10, 12, 13

*Waterbury v. A1 Solar Power Inc.,*
2016 WL 3166910 (S.D. Cal. June 7, 2016)............................................................17

*Weaver v. Wells Fargo Bank N.A.,*
2015 WL 4730572 (M.D. Fla. Aug. 10, 2015) .........................................................16

*Wick v. Twilio Inc.,*
2017 WL 2964855 (W.D. Wash. July 12, 2017) ........................................................9

*Williams v. T-Mobile USA,*
2015 WL 5962270 (N.D. Cal. Oct. 14, 2015)..........................................................16

*Worsham v. Travel Options,*
2016 WL 4592373 (D. Md. Sept. 2, 2016), *aff'd,* 678 F. App'x 165
(4th Cir. 2017)...............................................................................................16, 18

*Zimmerman v. HBO Affiliate Group,*
834 F.2d 1163 (3d Cir. 1987).................................................................................19

### STATUTES

47 U.S.C. § 227(b)(1)(A)...........................................................................................8

47 U.S.C. § 227(b)(1)(A)(iii)......................................................................................7

47 U.S.C. § 227(b)(1)(B) ........................................................................................7, 8

47 U.S.C. § 227(c)(5)...............................................................................................18

47 U.S.C. § 227(d)....................................................................................................18

### OTHER AUTHORITIES

47 C.F.R. § 64.1200(a)(1)...........................................................................................8

47 C.F.R. § 64.1200(a)(2)...........................................................................................8

47 C.F.R. § 64.1200(a)(3)...........................................................................................8

47 C.F.R. § 64.1200(d) .......................................................................................18, 19

47 C.F.R. § 64.1200(d)(1)-(3)...................................................................................18

47 C.F.R. § 64.1200(d)(3).........................................................................................19

47 C.F.R. § 64.1200(d)(6).........................................................................................18

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

Restatement (3d) of Agency § 1.01, cmt. c............................................................10

Restatement (Third) of Agency § 2.01 (2006)................................................11

**RULES**

Fed. R. Civ. P. 12(b)(6)........................................................................ passim

Defendant Pro Custom Solar LLC, d/b/a Momentum Solar ("Momentum" or "Defendant"), respectfully moves to dismiss the First Amended Class Action Complaint (Dkt. 13, "Complaint" or "FAC") filed by Plaintiffs Eric Breines ("Breines") and Andrew Perrong (individually "Perrong," and together with Breines, collectively "Plaintiffs") in the above-captioned matter, in its entirety and with prejudice, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  In support of its Motion, Momentum respectfully submits the following incorporated memorandum of law.

## **INTRODUCTION**

Like its predecessor, Plaintiffs' threadbare FAC does little more than allege, in conclusory fashion and without supporting facts, that Momentum violated the Telephone Consumer Protection Act ("TCPA").  Plaintiffs base their claims solely on their alleged receipt of phone calls to their respective residential landline (Perrong) and cellular (Breines) phones made by someone purportedly using a "pre-recorded voice" and/or "automatic telephone dialing system" ("ATDS") without their consent.  Such flimsy allegations are fatally flawed.

As shown below, Momentum's Motion should be granted and Plaintiffs' Complaint should be dismissed with prejudice for at least the following reasons:

***First***, the Complaint fails to state a claim under Rule 12(b)(6), as Plaintiffs yet again fail to sufficiently allege TCPA claims or sufficient facts to support those claims.  Specifically, Plaintiffs once again merely regurgitate the elements of a TCPA cause of action and provide little to no detail about their respective alleged calls, let alone sufficient detail suggesting the calls at issue were *physically* placed by Momentum itself, as required for direct TCPA liability.

***Second***, the Complaint still lacks any factual allegations supporting a claim for

1

vicarious liability under the TCPA, as Plaintiffs yet again fail to plead any facts suggesting that the alleged callers for the calls at issue were acting as "agents" for Momentum—i.e., that Momentum had a special relationship with or any control over the third parties that may have called them.   The vast majority of federal courts have dismissed similarly threadbare complaints at the pleadings stage for lacking such allegations.  This Court should rule similarly.

*Third*, the Complaint remains devoid of specific facts supporting Plaintiffs' bald conclusions that the calls at issue were made using an ATDS or were initiated by anyone other than live callers.  Indeed, Perrong still omits what was said during the one alleged pre-recorded call he received and does not provide any basis on which to conclude that call was truly pre-recorded, and Perrong now alleges that he "responded" to the caller, which utterly contradicts his conclusory allegations that the call was "pre-recorded."  Similarly, while the FAC now includes new allegations trying to suggest an ATDS was also used to call Perrong (i.e., "popping" sounds and/or "silence" he allegedly experienced), those allegations are irrelevant, as the TCPA does not prohibit the use of an ATDS to call residential phones and Breines does not allege the same phenomena occurred during the one call Breines discusses in the FAC. Moreover, the ATDS allegations in the FAC regarding the Breines call, like those previously alleged, still rest exclusively on vague and conclusory allusions to a purported "pause" that he experienced on one call that many courts have rejected as insufficient to support a claim.

*Fourth*, the newly-added third claim alleging a violation of the TCPA's internal "do-not-call" ("DNC") list regulations, pleaded only as to Perrong, is also fatally flawed.  As a preliminary matter, courts have held that ***there is no private cause of action under the TCPA for violating those regulations***, and thus this claim should be dismissed for this reason alone.

In any event, the scant few "facts" Perrong alleges in support of this claim do not suggest that any such violation occurred.  Consequently, the entire Complaint should be dismissed.

*Finally*, given that Plaintiffs have now failed on two occasions to properly plead TCPA claims, they should not be afforded another bite at the apple, and the FAC should be dismissed <u>with prejudice</u>.  Indeed, if a cognizable TCPA claim existed back in October 2018 (i.e., when Breines alleges he was first called) or back in March 2019 (i.e., when Perrong alleges he was first called), Plaintiffs could have—and indeed should have—pleaded it by now.  They cannot.

## RELEVANT ALLEGATIONS

Plaintiffs attempted to amend their faulty pleading to address the numerous deficiencies cited in Momentum's previous motion to dismiss.  *See* Dkt. 12.  In the midst of addressing a few (but not all) of those deficiencies, however, Plaintiffs created many more in the process, and their amended Complaint still fails to satisfy federal pleading standards.  Indeed, beyond mostly recycling (as well as adding to) the same litany of legal arguments and conclusions carried over from their original pleading (*see* Dkt. 1),[1] Plaintiffs now allege the following:

*Allegations Pertaining to Perrong*—Similar to Plaintiffs' original pleading, the FAC continues to allege that, on February 28, 2019, Perrong received a "pre-recorded call" on his residential phone line bearing a 215 area code.  FAC ¶¶ 39, 42.  Despite having had the chance to amend, however, Perrong still does not allege that Momentum <u>physically</u> initiated this call, nor does he attempt to identify this alleged caller at all or provide any specific details about the substance of this alleged pre-recorded call.  Rather, Perrong continues to allege only that this enigmatic call advertised non-descript "solar services."  *Id*., ¶ 46.  Similarly, Perrong still does

---

[1] *Compare* FAC ¶¶ 1-32, 34-37 *with* Dkt. 1, ¶¶ 1-20, 22-25.

not allege that this caller (or the message) mentioned Momentum (or *anyone*) by name, or that anything was stated during this pre-recorded call leading him to believe it was initiated on Momentum's behalf.  Instead, the FAC now alleges that, "[b]ecause *the company was not identified in the message*," Perrong (i) "*responded* to the pre-recorded voice" during the alleged February 28 call, and (ii) "*provided* the name 'Harold Perrong' and an old address where he had resided" so he could attempt to "identify" that caller.  *Id.*, ¶¶ 47-48 (emphasis added).  In other words, while Perrong still contends this initial call was "pre-recorded" and confirms he has no idea who actually initiated it, the FAC suggests he *spoke with* and provided (albeit inaccurate) contact information to that caller for the *express purpose of receiving further calls*.

The FAC also continues to baldly allege that Momentum *subsequently* "followed up with [Perrong, which was at his request,] with a telemarketing call on March 11, 2019 based on the February 28, 2019 call" and that Perrong "confirmed the identity of the [second] caller by engaging their services"—and the FAC now adds that this unnamed live caller asked to speak with "Harold Perrong" and referenced the "old address" Perrong provided to the initial caller in February.  *Id.*, ¶¶ 49-50.  Yet, once again, this 11-day gap is Perrong's <u>sole</u> basis for attempting to connect Momentum to the alleged February call.  But he still does not allege any other facts suggesting any connection between the initial February caller and Momentum, nor does he allege any representations or statements made by or relating to Momentum during either call.

Perrong also alleges, as before, that he sent Momentum an email purportedly asking "why he had been contacted in the first place."  *Id.*, ¶¶ 52-53.  But Perrong now alleges that this email—which he still conveniently does not attach to the FAC—was sent on March 11, 2019. *Id*.  The FAC also now alleges some of the content of this supposed email, which further

4

confirms that Perrong does not know who placed the initial February 28 call.  *Id.*, ¶ 53.

Perrong also continues to allege that he received "another 20 telemarketing calls from Momentum after March 11, 2019," though he now alleges to have answered only <u>six</u> of them and that the last one was on March 25, 2019—i.e., just two weeks after the March 11 call and *two days* before Plaintiffs commenced this case.  *Id.*, ¶ 56.  Despite this remarkably short passage of time, however, Perrong still provides no factual details for any alleged additional calls, only more unsupported conclusions.  *Id.*, ¶¶ 57-64.[2]  Finally, though he only asserts a violation of the TCPA's "residential telephone" provision—which, as discussed below, does <u>not</u> prohibit ATDS use—the FAC now includes a variety of irrelevant and likewise conclusory allegations regarding the "dialing system" purportedly used to call Perrong.  *Id.*, ¶¶ 13, 58-64.[3]

**Allegations Pertaining to Breines**—The FAC still alleges that Breines received only <u>one</u> "unsolicited telemarketing call" on his cellular phone from a number bearing a 908 area code, though he now contends this call was in October 2018.  *Id.*, ¶ 69.  However, the FAC also still fails to allege that Momentum <u>physically</u> initiated that call.  Further, like Perrong, Breines makes no mention of anything actually said by his unnamed caller, although he now alleges he was "connected" to an "individual who identified themselves as with Momentum" (*Id.*, ¶ 72), rather than to an "agent" as he first alleged (Dkt. 1, ¶ 48).  However, the FAC still suggests the calls to both Plaintiffs were made by "an agent acting on behalf of" Momentum.  FAC ¶ 76.

---

[2] Presumably, Perrong (a frequent, often *pro se* TCPA litigant) and Breines had already retained legal counsel sometime prior to March 25, and their counsel would have instructed them to note all the details of the calls to support their anticipated claims.  Such details apparently do not exist, or they would have been pleaded by now.

[3] For example, Perrong concludes that there was a "popping" noise <u>and/or</u> "a long delay of several seconds" on some unspecified number of the calls he allegedly received, and claims that this popping noise is "associated" with a particular named brand of "predictive dialing system" (called "ViciDial") that Perrong concludes is "an ATDS for the purposes of the TCPA."  *Id.*, ¶¶ 59-64.  In stark contrast, however, Breines does <u>not</u> allege that he heard any such "popping" noise, nor does he claim to have heard a pre-recorded message; instead, Breines <u>only</u> cites a "significant pause" occurring on <u>one call</u> he allegedly received, but not for any other alleged calls.  *Id.*, ¶¶ 72-73.

Yet, like Perrong, Breines still does not allege that this unnamed "individual" ever identified themselves as a Momentum employee or as being "with" a third party controlled by Momentum, nor does he offer any other specific details of this alleged call. And like Perrong, Breines takes issue with requested "follow up" calls—i.e., "a series of call and text message *appointment reminders*"—he allegedly received after his initial call (though he does not appear to allege any subsequent calls violated the TCPA), yet still provides no detail about any additional calls (i.e., no dates, times, volume, or other context). *Id.*, ¶ 74 (emphasis added).

## ARGUMENT

### I.   APPLICABLE LEGAL STANDARDS

Fed. R. Civ. P. 12(b)(6) provides for dismissal where a plaintiff fails to state a claim upon which relief can be granted. A legal claim mandates the pleading of sufficient facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A "bare assertion" and "conclusory allegation[s]" will not suffice. *Id.* Allegations without such factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted). A "formulaic recitation of the elements" of a claim fails to meet the requisite pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). *See also Ellison v. Crews*, 2018 WL 3999661, at *2 (M.D. Fla. July 16, 2018), *report and rec. adopted*, 2018 WL 3997975 (M.D. Fla. Aug. 21, 2018) (quoting *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009)); *Pullen v. Jones*, 2019 WL 1776803, at *1 (M.D. Fla. Apr. 23, 2019) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)).

Moreover, while the Court must generally accept Plaintiffs' factual allegations as true, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as

facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). *See also Chester v. Bank of Am.*, 2014 WL 12117966, at *5 (N.D. Ga. May 7, 2014), *report and rec. adopted*, 2014 WL 12284023 (N.D. Ga. Aug. 28, 2014) ("Plaintiff's conclusory allegations are speculative, unsupported legal conclusions devoid of factual enhancement, and thus are not properly accepted as true" for Rule 12(b)(6) purposes.). In the end, the FAC "must give the court reason to believe that *th[ese]* plaintiff[s] ha[ve] a reasonable likelihood of mustering factual support for *these* claims" to avoid dismissal. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

## II. <u>THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER THE TCPA UPON WHICH RELIEF MAY BE GRANTED.</u>

As shown below, Plaintiffs' Complaint, like its previous iteration, is devoid of specific *actual facts* supporting Plaintiffs' TCPA claims against Momentum and, instead, relies exclusively on threadbare legal conclusions, which are insufficient to state a claim under federal pleading standards. Thus, the Court should dismiss the Complaint under Rule 12(b)(6).

### a. Plaintiffs Have Not Pleaded Facts Supporting the Elements of a TCPA Claim.

In this case, Plaintiffs primarily allege that Momentum violated two separate TCPA provisions—specifically, 47 U.S.C. § 227(b)(1)(B) as to Perrong, which applies only to "residential telephone lines" (i.e., landlines), and 47 U.S.C. § 227(b)(1)(A)(iii) as to Breines, which applies only to cell phones. *See* FAC ¶¶ 12-13, 81-91. To state a claim under the former and avoid dismissal, Perrong must plausibly allege that: (1) Momentum initiated a call to his residential telephone number; (2) without his prior express consent; (3) "to deliver a message" using either an "artificial" <u>or</u> a "pre-recorded" voice—meaning that alleged use of an ATDS (aka an "autodialer") to call his residential line is irrelevant. *See*, *e.g.*, *Bonanno v. New Penn*

*Fin., LLC*, 2017 WL 3219517, at *5 (M.D. Fla. July 28, 2017) (quoting   47 U.S.C. §

227(b)(1)(B)); *see also* 47 C.F.R. § 64.1200(a)(3); *Orsatti v. Quicken Loans, Inc.*, 2016 WL

7650574, at *3 (C.D. Cal. Sept. 12, 2016).   To state a claim under the latter provision and avoid

dismissal, Breines must plausibly allege that: (1) Momentum made a call to his cell phone

number; (2) without his prior express consent; (3) using an ATDS <u>or</u> an artificial <u>or</u> a pre-

recorded voice.   *See, e.g., Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251,

1253 (M.D. Fla. 2012) (citing 47 U.S.C. § 227(b)(1)(A)); *see also* 47 C.F.R. § 64.1200(a)(1),

(2).   In this regard, Plaintiffs' FAC fails to allege sufficient facts supporting these elements,

and, thus, it should be dismissed under Rule 12(b)(6) for several reasons, as described below.

### b.   Plaintiffs Failed to State a Claim for Direct TCPA Liability Because They Have Pleaded No Facts that Momentum Physically Placed the Calls at Issue.

To begin, only the person who ***physically*** places a call "makes" or "initiates" a call

within the meaning of the TCPA and can be subject to direct TCPA liability.   *See, e.g., Donaca*

*v. Dish Network, LLC*, 303 F.R.D. 390, 394-96 (D. Colo. 2014); *Childress v. Liberty Mut. Ins.*

*Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018); *Vessal v. Alarm.com*, 2017 WL

4682736, at *2 (N.D. Ill. Oct. 18, 2017).   Thus, federal courts routinely reject direct TCPA

liability claims lacking sufficient facts regarding the defendant's initiation of the phone calls "in

the sense of taking the steps to physically place a call."   *Vessal*, 2017 WL 4682736, at *2.[4]

Here, even after having had an opportunity to amend their flawed original pleading,

Plaintiffs still provide virtually no detail in their FAC about the calls they allegedly received,

---

[4] While the TCPA's cell phone provision (relevant to Breines) uses the phrase "make any call" and the residential line provision (relevant to Perrong) uses the phrase "initiate any telephone call," courts have uniformly held that "make" or "initiate" under either means to "physically place" the call. *See, e.g., Donaca, Childress,* and *Vessal, supra*; *see also Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 135 (E.D.N.Y. 2015).

including as to who physically took the steps to place the calls—i.e., Momentum or some unidentified third party that merely <u>transferred</u> or <u>connected</u> the initial call after a "pause."  *See* discussion at pp. 3-6, *supra*.  A call merely being "from" or by someone "with Momentum" or to "promote Momentum goods and services" as Plaintiffs now baldly allege also does not mean that Momentum physically placed any of the calls at issue within the meaning of the TCPA in order to subject Momentum to direct TCPA liability.  *See, e.g., Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014) ("A person or entity 'initiates' a telephone call [under the TCPA] when 'it takes the steps necessary to physically place a telephone call.' [] Accordingly, a seller generally does not 'initiate' calls placed by [alleged] third-party telemarketers.") (internal citation omitted); *Wick v. Twilio Inc.*, 2017 WL 2964855, at *3 (W.D. Wash. July 12, 2017) ("The FCC recognizes that merely offering a good or service for sale does not mean that a retailer initiates the marketing calls for that product.").  And, at bottom, Plaintiffs merely allege Momentum "followed up" with each of them, at their request, ***at some point after*** they separately received an ***initial call*** placed by an unknown actor.  FAC ¶¶ 49, 74.

Thus, because the Complaint does not allege sufficient facts that Momentum physically placed the calls at issue, this Court should follow the weight of authority holding that such TCPA claims should be dismissed.  *See, e.g., Gulden v. Consol. World Travel Inc.*, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing where plaintiff "offer[ed] no factual support" in complaint for conclusion that the "[d]efendant was the source of the alleged calls," and ruling that ***"[b]ecause identity is a necessary element of all of Plaintiff's [TCPA] claims, this deficiency warrants dismissal of all of Plaintiff's claims."***) (emphasis added); *Childress*, 2018 WL 4684209, at *3 (no direct TCPA liability where "there [were] no factual allegations

that [d]efendant actually made the [pre-recorded] telephone call at issue," holding "[t]he mere conclusion that the [ATDS] responsible for the call belonged to [d]efendant, without any factual allegations to support that conclusion, does not constitute a factual allegation that, if proven, would establish that [d]efendant 'made,' or 'physically placed' the call to [p]laintiff's cell phone"); *Sepehry-Fard v. Dep't Stores Nat'l Bank*, 15 F. Supp. 3d 984, 987-88 (N.D. Cal. 2014), *aff'd in part*, 670 F. App'x 573 (9th Cir. 2016) (dismissing where "no facts alleged showing ***why*** plaintiff believe[d] [defendants] were responsible for specifically identified calls that used prerecorded voices in violation of the TCPA") (emphasis in original).[5]

### c. Plaintiffs Have Not Pleaded Any Facts Supporting Vicarious TCPA Liability.

As noted above, the FAC is unclear on who, if anyone, physically placed the calls to Plaintiffs—i.e., Momentum or some unidentified "agents" or other third parties that merely "transferred" or "connected" the call.  Thus, it is still unclear whether Plaintiffs contend that Momentum is directly or vicariously liable under the TCPA, or perhaps both.  In any event, to the extent Plaintiffs claim that Momentum is vicariously liable under the TCPA for the calls made by supposed "agents," their claims fail as well for the reasons discussed below.

### i. Vicarious Liability Under the TCPA or in Any Context Requires a Special Relationship With and Control Over an Agent by the Alleged Principal.

Vicarious liability requires a special relationship between a principal and an agent.  *See* Restatement (Third) of Agency § 1.01, cmt. c ("[A]gency posits a consensual relationship in

---

[5] *See also Wallack v. Mercantile Adjustments Bureau, Inc.*, 2014 WL 1515852, at *3 (E.D. Mich. Apr. 18, 2014); *Dobkin v. Enter. Fin. Group, Inc.*, 2014 WL 4354070, at *3 (D.N.J. Sept. 3, 2014); *Cunningham v. Kondaur Capital*, 2014 WL 8335868, at *5 (M.D. Tenn. Nov. 19, 2014); *Melito v. Am. Eagle Outfitters, Inc.*, 2015 WL 7736547, at *4-5 (S.D.N.Y. Nov. 30, 2015); *Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 371 (6th Cir. 2015); *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *3-5 (N.D. Cal. Mar. 28, 2018); *Hurley v. Messer*, 2018 WL 4854082, at *3 (S.D. W.Va. Oct. 4, 2018); *Warciak v. Subway Rest., Inc.*, 2019 WL 978666, at *2 (N.D. Ill. Feb. 28, 2019); *Naiman v. Freedom Forever, LLC*, 2019 WL 1790471, at *3 (N.D. Cal. Apr. 24, 2019).

which one person, to one degree or another or respect or another, acts as a representative of or otherwise acts on behalf of another person with power to affect the legal rights and duties of the other person."). More specifically, "[a]gency is the *fiduciary relationship* that arises when one person (a 'principal') *manifests assent* to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Naiman v. TranzVia LLC*, 2017 WL 5992123, at *6 (N.D. Cal. Dec. 4, 2017) (quoting *Jones v. Royal Admin. Servs., Inc.*, 866 F.3d 1100, 1105 (9th Cir. 2017)) (emphasis added).[6] This means "more than mere passive permission; it involves request, instruction, or command." *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017). And "[t]hough 'the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks*, 2018 WL 1524067, at *5 (quoting *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014)).

Further, in the TCPA context, courts have widely recognized that vicarious liability cannot attach without the **"essential ingredient" of control**. *See, e.g., Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018). *See also In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, 223 F. Supp. 3d 514, 520 (N.D. W.Va. 2016), *aff'd sub nom.*, 885 F.3d 243 (4th Cir. 2018) ("[I]n order to prove actual agency [for vicarious TCPA liability], the plaintiff must show that the defendant controlled or had the right to control the purported agent and, more specifically, the manner and means of the solicitation campaign that was

---

[6] *See also GDG Acquisitions LLC v. Gov't of Belize*, 849 F.3d 1299, 1308 (11th Cir. 2017) (An "agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act.") (quoting Restatement (Third) of Agency § 2.01 (2006)).

conducted.") (citation omitted).   Thus, not only do federal courts routinely dismiss TCPA claims premised on vicarious liability <u>at the pleading stage</u>, but also the <u>vast majority</u> have held that failure to allege sufficient facts establishing an agency relationship with or control over an agent is <u>fatal</u> to such claims.  *See*, *e.g.*, *Childress*, 2018 WL 4684209, at *3 (a plaintiff "cannot simply allege general control in a vacuum"); *Naiman*, 2017 WL 5992123, at *6-7 (dismissing where no facts were pleaded showing defendant had control over the third party that made the initial pre-recorded calls); *Reo v. Caribbean Cruise Line*, 2016 WL 1109042, at *5 (N.D. Ohio Mar. 18, 2016) (dismissing where "sparse allegations made d[id] not allege any facts that show [defendant] had any power to give interim instructions or otherwise had any control over the performance of" callers); *Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (dismissing where plaintiff did not allege defendant "controlled, authorized, or even knew about [third party's] phone calls or that [defendant] had any control over" the caller and pleaded "virtually no allegations regarding the relationship" between defendant and the caller).[7]  These authorities are highly instructive, and this Court should rule similarly here.

> ii.  *Plaintiffs Have Pleaded No Facts Supporting Any Theory of Vicarious Liability Against Momentum for the Calls at Issue.*

In this case, Plaintiffs do not—and indeed cannot—allege the essential ingredient of

---

[7] *See also Warciak, Naiman v. Freedom, Melito, Keating, Jones, Linlor, Meeks,* and *Monitronics, supra*; *Kristensen v. Credit Payment Servs.*, 2015 WL 4477425, at *2-7 (D. Nev. July 20, 2015), *aff'd*, 879 F.3d 1010 (9th Cir. 2018); *Barker v. Sunrun*, 2019 WL 1983291, at *4 (D.N.M. Apr. 29, 2019); *Fisher v. Alarm.com Hldgs.*, 2018 WL 5717579, at *3-4 (N.D. Ill. Nov. 1, 2018); *Cunningham v. Channer*, 2018 WL 4620391, at *6 (W.D.N.Y. Sept. 26, 2018); *Cunningham v. Sunshine Consulting Group*, 2018 WL 3496538, at *5-6 (M.D. Tenn. July 20, 2018); *Cunningham v. Health Plan Intermediate Holdings, LLC*, 2018 WL 835222, at *4-7 (N.D. Ill. Feb. 13, 2018); *Kern v. VIP Travel Servs.*, 2017 WL 1905868, at *5-9 (W.D. Mich. May 10, 2017); *Johansen v. HomeAdvisor*, 218 F. Supp. 3d 577, 584-89 (S.D. Ohio 2016); *Selou v. Integrity Sol.Servs. Inc.*, 2016 WL 612756, at *5 (E.D. Mich. Feb. 16, 2016); *Salmon v. CRST Expedited, Inc.*, 2016 WL 47876, at *4 (N.D. Okla. Jan. 4, 2016); *Abramson v. 1 Glob. Cap., LLC*, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 23, 2015); *Murray v. Choice Energy*, 2015 WL 4204398, at *5-6 (S.D. Ohio July 10, 2015); *Smith v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 5346430, at *3 (N.D. Ill. Sept. 23, 2013); *Freidman v. Massage Envy Franchising, LCC*, 2013 WL 3026641, at *3 (S.D. Cal. June 13, 2013); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084-85 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678, 679 (2014).

control and, therefore, have failed to plead any facts supporting a claim for vicarious TCPA liability.  As noted above, the FAC still includes vague references to some unnamed "agents" of Momentum.  But it does <u>not</u> allege, for example, that: (1) Momentum had any relationship with the third-party callers; (2) Momentum exerted control over the third-party callers; (3) Momentum supervised or controlled the calls made by those third parties; (4) the third-party callers operated as part of Momentum's business; (5) Momentum had supplied the third-party callers with tools and instrumentalities to complete the calls; or (6) Momentum and the third-party callers maintained a long-term or permanent working relationship.  *See*, *e.g.*, *Jones*, 887 F.3d at 450 (analyzing these and other factors in holding that seller was not vicariously liable for telemarketer's alleged TCPA violations).  *See also Monitronics*, 223 F. Supp. 3d at 520.

Plaintiffs also do not allege that the initial callers indicated the calls had been made with Momentum's knowledge and authorization or that Momentum had any authority or control over them for any calls alleged, let alone allege any communications between Plaintiffs and Momentum suggesting these unknown initial callers had acted with Momentum's apparent authority or that Momentum ratified their actions.[8]  And to the extent Plaintiffs allege that Momentum's later "follow up" calls evidence Momentum's involvement in the *initial* calls, that theory also fails.  *See, e.g., Bank v. Vivint Solar, Inc.*, 2019 WL 2280731, at *3-6

---

[8] Communications giving rise to "apparent authority" must come from the alleged <u>principal</u> (here, Momentum).  *See, e.g., Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1347-48 (S.D. Fla. 2018); *Warciak*, 2019 WL 978666, at *2-3.  But "apparent authority [also] presupposes actual agency, and only operates to extend the scope of an actual agent's authority."  *Crinkley v. Holiday Inns, Inc.*, 844 F.2d 156, 166 (4th Cir. 1988) (citations omitted).  Similarly, "[e]ven if a principal ratifies an agent's act, the principal is not bound by a ratification made without *knowledge* of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking."  *Kristensen*, 879 F.3d at 1014 (emphasis added).  But "when an actor is not an [actual] agent and does not purport to be one, the doctrine of ratification does not apply" either.  *Canary v. Youngevity Int'l, Inc.*, 2019 WL 1275343, at *9 (N.D. Cal. Mar. 20, 2019); *see also Thomas*, 582 F. App'x at 680.  Here, Plaintiffs have failed to plead actual agency and, as such, have not stated a claim under these alternative agency theories.

(E.D.N.Y. Feb. 25, 2019), *report and rec. adopted sub nom.*, 2019 WL 1306064 (E.D.N.Y. Mar. 22, 2019) (dismissing, notwithstanding allegation defendant called plaintiff 30 minutes after the allegedly violative call).   Thus, to the extent Plaintiffs seek to hold Momentum vicariously liable under the TCPA, the FAC falls far short of satisfying federal pleading requirements and, therefore, should be dismissed under Rule 12(b)(6) for this reason as well.

### d.   Plaintiffs Pleaded No Facts Supporting Their Conclusions that the Calls at Issue Were Made With a Pre-Recorded Voice or Using an ATDS.

Regardless of the theory of liability (direct or vicarious), the FAC still fails to state a TCPA claim against Momentum because it lacks specific facts supporting their conclusory allegations that any calls to Perrong were made using a pre-recorded voice or that any calls to Breines were made using an ATDS.[9]   The FAC fails on a number of levels here, as well.

*First*, like its predecessor, the FAC provides no facts from which one could remotely infer the calls at issue were anything but live calls.   Indeed, while Perrong still alleges, without any factual support, that the first (and *only* the first) call he purportedly received in February 2019 involved a "pre-recorded voice," he now suggests in the FAC that he "responded to" a *live person* on that call to whom he "provided" a fake name and an "old address" so that he would receive a call back.   FAC ¶¶ 46-49.   This inconsistency alone undermines Perrong's TCPA claim.   *See, e.g., Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012) ("On the four occasions Defendant made phone calls to Plaintiff, Plaintiff alleges that he *spoke* with Defendant's representatives, which negates a claim that the calls were made by an [ATDS] or artificial or prerecorded voice.") (emphasis in original); *Trumper v. GE*

---

[9] As noted above, whether any calls to Perrong involved an ATDS are irrelevant under the TCPA's "residential telephone" provision, and Breines does not allege he heard any "voice" before speaking with a live caller and, as such, his TCPA claims depend on whether an ATDS was used to call him.   *See* discussion at pp. 3-8, *supra*.

*Capital Retail Bank*, 2014 WL 7652994, at *2 (D.N.J. July 7, 2014) (dismissing where plaintiff pleaded no facts suggesting the voice on the other end of the line was pre-recorded); *Curry v. Synchrony Bank, N.A.*, 2015 WL 7015311, at *2-3 (S.D. Miss. Nov. 12, 2015) (dismissing where plaintiff had "'not provided sufficient contextual details to determine whether she spoke to a human or merely heard a recording upon picking up the phone'") (quoting *Aikens v. Synchrony Fin.*, 2015 WL 5818911, at *4 (E.D. Mich. July 31, 2015)).[10]

**Second**, Breines still offers only unsupported conclusions regarding Momentum's alleged use of an ATDS. In fact, the <u>only</u> "factual" detail alleged in this regard is that he experienced a "significant pause before being connected" to a <u>live person</u> for <u>one</u> call. FAC ¶¶ 69-72. Federal courts (including this District) have not only consistently rejected such conclusory allegations regarding ATDS use that merely parrot the language of the TCPA, but many courts have recognized that such allegations based on purported "delays" or "pauses" are also not enough, standing alone, to survive dismissal. *See, e.g., Duran*, 878 F. Supp. 2d at 1316 (the fact that plaintiff spoke to a live representative negated plaintiff's ATDS allegations); *Smith v. Aitima Med. Equip., Inc.*, 2016 WL 4618780, at *6 (C.D. Cal. July 29, 2016) ("***One call and one pause, standing alone, do not take the claim of the use of an ATDS beyond the speculative level.***") (emphasis added); *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1308-09 (S.D. Fla. 2016) ("Courts have routinely rejected similar claims by plaintiffs who try to maintain a TCPA claim on the belief that an ATDS was used based on

---

[10] *See also Augustin*, 43 F. Supp. 3d at 1254; *McGinity v. Tracfone Wireless*, 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014); *Vanover v. NCO Fin. Sys., Inc.*, 2015 WL 12696108, at *4 (M.D. Fla. Nov. 17, 2015); *Margulis v. Generation Life Ins. Co.*, 2015 WL 1260483, at *2 (E.D. Mo. Mar. 19, 2015); *Martin v. Direct Wines, Inc.*, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015); *Saragusa v. Countrywide*, 2016 WL 1059004, at *4 (E.D. La. Mar. 17, 2016), *aff'd*, 707 F. App'x 797 (5th Cir. 2017); *Reo*, 2016 WL 1109042, at *4; *Martin v. Kovalcin*, 2016 WL 11002592, at *1-2 (C.D. Cal. June 20, 2016); *Holt v. Facebook*, 240 F. Supp. 3d 1021, 1027 (N.D. Cal. 2017).

'clicks,' 'delays,' or 'dead air' on the other end of the line.") (citing various cases); *Norman v. Sito Mobile Solutions*, 2017 WL 1330199, at *2 (D.N.J. Apr. 6, 2017) (plaintiff did "not plausibly plead a violation of the TCPA" where "he fail[ed] to allege whether th[e] noticeable pause [alleged in the complaint] occurred **with each** of the phone calls") (emphasis added); *Reo*, 2016 WL 1109042, at *4 (dismissing where plaintiffs gave "no description of the content of the calls … and no information regarding … why they believed that an ATDS was used or why they believed that an 'artificial or prerecorded voice'" was used); *Danehy v. Jaffe & Asher, LLP*, 2015 WL 1249879, at *9 (E.D.N.C. Mar. 17, 2015) (ATDS allegations insufficient where based only on "the presence of 'hesitation' on the other end of the line").[11]   Moreover, Breines does not allege that the dialing system used to call him can generate and dial random or sequential telephone numbers, which further belies his TCPA claim.  *See, e.g., Gonzalez v. Ocwen Loan Servicing, LLC*, 2018 WL 4217065, at *8 (M.D. Fla. Sept. 5, 2018) ("[A] device *only* qualifies as an ATDS under the TCPA if it has the *present ability* to generate random or sequential telephone numbers and dial them.") (emphasis added).

   **Third**, Breines now alleges that "the manipulated [i.e., "spoofed"] Caller ID and significant pause" that he experienced on the one call "are indicative of an ATDS."  FAC ¶¶ 70, 73.  However, courts have recognized that whether the Caller ID was "spoofed" is relevant to

---

[11] *See also Mesa v. Am. Express Educ. Assurance Co.*, 2017 WL 2212147, at *5 (S.D. Fla. May 18, 2017); *Bonanno*, 2017 WL 3219517, at *6; *Worsham v. Travel Options*, 2016 WL 4592373, at *6 (D. Md. Sept. 2, 2016), *aff'd*, 678 F. App'x 165 (4th Cir. 2017); *Jackson v. Bank of N.Y. Mellon*, 2016 WL 4942085, at *16 (S.D. Ala. July 19, 2016); *Norman v. Alliance One Receivables Mgmt.*, 637 F. App'x 214, 215 (7th Cir. 2015); *Estrella v. Ltd. Fin. Servs., LP*, 2015 WL 6742062, at *3 (M.D. Fla. Nov. 2, 2015); *Williams v. T-Mobile USA*, 2015 WL 5962270, at *3 (N.D. Cal. Oct. 14, 2015); *Weaver v. Wells Fargo Bank N.A.*, 2015 WL 4730572, at *4 (M.D. Fla. Aug. 10, 2015); *Smith v. NCO Fin. Sys.*, 2015 WL 2185252, at *1 (E.D. Cal. May 8, 2015); *Gilmore v. Diversified Consulting*, 2015 WL 12030517, at *3 (D. Alaska Jan. 13, 2015); *Jones v. NCO Fin. Servs.*, 2014 WL 6390633, at *2 (D. Mass. Nov. 14, 2014); *Baranski v. NCO Fin. Sys.*, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014); *Hanley v. Green Tree Serv.*, 934 F. Supp. 2d 977, 982-83 (N.D. Ill. 2013); *Augustin*, 43 F. Supp. 3d at 1254.

defining an ATDS under the TCPA.  *See, e.g., Waterbury v. A1 Solar Power Inc.*, 2016 WL 3166910, at *3, n.3 (S.D. Cal. June 7, 2016) (dismissing and holding "whether Defendants or their equipment disguised their phone number is not probative of whether Defendants' equipment meets the definition of an ATDS under the TCPA.").  This Court should too.

     **Fourth**, although Perrong now baldly alleges that an ATDS was used for the March 11 "follow up" call (during which he spoke to a live person) and suggests that all the calls he received "would only transfer after a long delay of several seconds," he does <u>not</u> allege that any other calls he allegedly received beyond the February 28 call involved a pre-recorded message and, as noted above, now suggests that he spoke with a live person during that February call. FAC ¶¶ 47, 48, 53, 58, 60.  In other words, Perrong suggests that one call he received involved a pre-recorded voice and was <u>simultaneously</u> placed by a live person.  Such "[c]ontradictory allegations [like Perrong's] are inherently implausible" and thus fail to comply with federal pleading standards.  *Hernandez v. Select Portfolio, Inc.*, 2015 WL 3914741, at *10 (C.D. Cal. June 25, 2015).  *See also McGinity*, 5 F. Supp. 3d at 1340 (use of ATDS implausible despite volume of calls where, *inter alia*, the allegations were "contradicted by the rest of Plaintiff's Complaint, which did not describe the content of any calls besides those in which Plaintiff (or someone else) spoke with" a live person); *Duguid v. Facebook, Inc.*, 2017 WL 635117, at *5 (N.D. Cal. Feb. 16, 2017) (dismissing TCPA complaint where allegations "contradict[ed] the variety of other allegations offered by Plaintiff"); *Martin*, 2016 WL 11002592, at *1-2 (dismissing TCPA complaint, noting "[t]he Court's skepticism with Plaintiff's claims [was] heightened by the sloppiness of the pleadings."). This Court should rule similarly here.

     **e.   Plaintiffs Pleaded No Facts Supporting a Violation of the TCPA's "Internal DNC" Regulations as to Perrong.**

Although the basis is not entirely clear, Plaintiffs' FAC adds a third claim for purported violations of the TCPA's "internal DNC" regulations by Momentum as to Perrong, claiming in essence that Momentum failed to implement a written policy for and to train its personnel on the use of an internal DNC list and for not honoring Perrong's request to be put on Momentum's DNC list. *See* FAC ¶¶ 23-27, 92-95 (purportedly invoking 47 C.F.R. § 64.1200(d)(1)-(3) and (6) via 47 U.S.C. § 227(c)(5)). These new allegations likewise fail.

As a threshold matter, several courts have recognized that the TCPA's internal DNC regulations under 47 C.F.R. § 64.1200(d), which are akin to technical and procedural standards promulgated under Section 227(d) of the TCPA, ***do not give rise to a private cause of action***. *See, e.g., Burdge v. Ass'n of Health Care Mgmt., Inc.*, 2011 WL 379159, at *4 (S.D. Ohio Feb. 2, 2011); *Worsham*, 2016 WL 4592373, at *7. *See also Naiman*, 2019 WL 1790471, at *4 ( "*Section 227(c)* of the TCPA [which is what Perrong invokes here] protects telephone subscribers' privacy rights by prohibiting entities from soliciting telephone numbers registered on the *National* Do Not Call Registry" as opposed to *internal* DNC lists) (emphasis added); *Boydston v. Asset Acceptance LLC*, 496 F. Supp. 2d 1101, 1110 (N.D. Cal. 2007) (finding no private right of action for violations of regulations promulgated under the technical and procedural standards imposed by § 227(d) of the TCPA). This Court should follow these well-reasoned authorities and rule that Perrong's claim in this regard fails as a matter of law.

Moreover, even if there were a private cause of action under the TCPA's internal DNC regulations, Perrong pleads no specific facts supporting his conclusion that there was a violation. In fact, the TCPA's internal DNC regulations specifically give callers a 30-day safe harbor from the time a DNC request is made to honor that request. *See, e.g.*, *Orsatti*, 2016 WL

7650574, at *7 (discussing 47 C.F.R. § 64.1200(d)(3)).  In this regard, Perrong alleges that he requested his number be placed on Momentum's internal DNC list on March 11 and that the last call he allegedly answered from Momentum was two weeks later on March 25—i.e., well within the 30-day safe harbor—and he does <u>not</u> allege to have received any calls *beyond* the safe harbor (nor could he credibly, since this case was filed just two days later).  *See* FAC ¶¶ 52, 54, 56.  These allegations do <u>not</u> support an inference that Momentum lacked procedures relating to the maintenance of a company-specific (i.e., internal) do-not-call list.   To the contrary, the only reasonable inference is that Momentum has a DNC procedure that works and complies with 47 C.F.R. § 64.1200(d), and that its employees know it and followed it.  *See also Hamilton v. Voxeo Corp.*, 2009 WL 1868542, at *4 (S.D. Ohio June 25, 2009) ("Plaintiff cannot recover for [the defendant]'s refusal to send him its do-not-call policy. He can only recover for a call made at a time when [defendant] did not have such a policy in place[.]").  Thus, Perrong has failed to state a claim for violations of the TCPA's "internal DNC" regulations, and, consequently, this claim should also be dismissed pursuant to Rule 12(b)(6).[12]

## III.   <u>THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE.</u>

Finally, the Court should dismiss the Complaint with prejudice.  A district court may properly dismiss with prejudice pursuant to Rule 12(b)(6) where, as here, a plaintiff already had a chance to amend and amendment failed to cure the complaint's deficiencies.  *See, e.g., Johnson v. Georgia*, 661 F. App'x 578, 579-81 (11th Cir. 2016) (affirming dismissal of first amended complaint); *Frame v. Cal-W. Reconveyance Corp.*, 2011 WL 3876012, at *3 (D.

---

[12] Although the Court should dismiss the entire FAC for the reasons stated above, to the extent it dismisses only Perrong's claims and the case proceeds with Breines, the Court should also strike the "Internal DNC Class" allegations (*see* FAC ¶ 76) from the Complaint, since Breines does not allege such a violation occurred as to him in any event.  *See, e.g., Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1169 (3d Cir. 1987) ("[T]o be a class representative on a particular claim, the plaintiff himself must have a cause of action on that claim.").

Ariz. Sept. 2, 2011) (dismissing with prejudice where, *inter alia,* "despite the benefit and existence of fully-briefed motions to dismiss, [p]laintiff's First Amended Complaint fail[ed] to cure the deficiencies noticed in [d]efendants' prior motions"). In this case, Plaintiffs already amended the Complaint once, but despite being represented by counsel and having the benefit of Momentum's prior motion to dismiss, they made little effort to and did not cure the many defects in their prior pleading. Then Plaintiffs made those defects *worse* by adding inconsistent and contradictory allegations along with more unsupported conclusions. If Plaintiffs had more facts to allege, they would (and should) have pleaded them by now. They clearly do not, and thus it would be futile to grant them leave to amend a second time.

## <u>CONCLUSION</u>

For all the reasons stated above, Defendant Pro Custom Solar LLC, d/b/a Momentum Solar, respectfully requests that this Court enter an order dismissing the Complaint in this action pursuant to Fed. R. Civ. P. 12(b)(6), in its entirety and with prejudice, along with granting all other relief the Court deems just and proper.

DATED: June 7, 2019                              Respectfully submitted,

                                                          By: *s/ A. Paul Heeringa*

                                                          A. Paul Heeringa (PHV/Trial Counsel)
                                                          MANATT, PHELPS & PHILLIPS LLP
                                                          151 N. Franklin St., Suite 2600
                                                          Chicago, Illinois 60606
                                                          Tel: (312) 529-6300
                                                          pheeringa@manatt.com

                                                          Josh Migdal (FBN 19136)
                                                          Yaniv Adar (FBN 63804)
                                                          MARK MIGDAL & HAYDEN
                                                          80 S.W. 8th Street, Suite 1999

Miami, Florida 33130
Tel: (305) 374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com

*Counsel for Defendant*
*Pro Custom Solar LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of June 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ A. Paul Heeringa*
A. Paul Heeringa, Esq.