UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 19-cv-0353-BJD-PDB

ERIC BREINES AND ANDREW
PERRONG, INDIVIDUALLY, and
on behalf of all others similarly
situated,

                    Plaintiffs,

v.

PRO CUSTOM SOLAR LLC,
D/B/A MOMENTUM SOLAR,
a New Jersey company

                    Defendant

_____/

**MOTION FOR PROTECTIVE ORDER
TO TEMPORARILY STAY DISCOVERY AND/OR
TO BIFURCATE INDIVIDUAL AND CLASS DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(c), Defendant Pro Custom Solar LLC, d/b/a Momentum

Solar ("Momentum" or "Defendant"), by its undersigned counsel, hereby respectfully moves

for protective order temporarily staying all discovery in the above-captioned matter, until such

time that the Court rules on Momentum's pending dispositive motion (*see* Dkt. 24).  Should

discovery proceed in this matter, Momentum respectfully requests that the Court bifurcate

individual and class discovery.  In support thereof, Momentum states as follows:

**A.      BACKGROUND AND PROCEDURAL HISTORY**

1.      Plaintiffs commenced this putative class action on March 27, 2019 and seek

relief on behalf of themselves individually and putative class members under certain provisions

of the Telephone Consumer Protection Act ("TCPA").  *See generally* Dkt. 1 (the "Original

Complaint").   Momentum was served with process on April 1, 2019.  *See* Dkt. 4.

2.    On April 22, 2019, Momentum filed an unopposed motion extending Momentum's deadline to respond to the Original Complaint.  *See* Dkt. 6.  The Court granted that motion on April 23, 2019, resetting Momentum's deadline to respond to the Original Complaint to May 13, 2019.  *See* Dkt. 11.

3.    On May 13, 2019, Momentum moved to dismiss the entire Original Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim under the TCPA upon which relief may be granted.  *See generally* Dkt. 12.  Rather than oppose, Plaintiffs amended the Original Complaint on May 24, 2019.  *See generally* Dkt. 13 (the "Amended Complaint").  As a result, the Court denied Momentum's then-pending dispositive motion as moot.  *See* Dkt. 14.

4.    On May 24, 2019 (*i.e.*, before the parties held their telephonic Rule 26(f) conference discussed below), Plaintiffs issued various discovery requests (specifically, requests for production and interrogatories) to Momentum.  Momentum has not yet responded to those requests or issued any discovery requests to Plaintiffs to date.[1]

5.    On May 29, 2019, Momentum's counsel spoke with Plaintiffs' counsel, Avi Kaufman, via telephone regarding various issues.  At that time, Momentum's counsel informed Plaintiffs' counsel that Momentum intended to move to dismiss the entire Amended Complaint and inquired whether Plaintiffs would agree to stay discovery during the pendency of Momentum's then-anticipated motion.  The parties did not reach an agreement at that time.

---

[1] On May 21, 2019, the parties also participated in an informal, in-person "hallway conference" during which Plaintiffs' counsel raised some discovery issues with Momentum's local counsel in a perfunctory manner.  Momentum does not concede that this served as the parties' formal Rule 26(f) conference, or that Plaintiffs' discovery requests were properly issued on May 24, 2019.  Plaintiffs' counsel has, however, agreed to treat Plaintiffs' discovery requests to Momentum as having been served as of the date of the parties' telephonic Rule 26(f) conference on June 7, 2019, discussed below.

6.      On June 7, 2019, Momentum timely moved to dismiss Plaintiffs' Amended Complaint on the same or similar grounds as set forth in Momentum's previous dispositive motion.  *See generally* Dkt. 24 (the "Motion").  The currently pending Motion seeks dismissal of the entire Amended Complaint, which Momentum argues does not cure the fatal defects of its predecessor and includes new equally-fatal defects, with prejudice.  *Id.*

7.      Also on June 7, 2019, the parties' counsel held a telephonic Rule 26(f) discovery conference to discuss case management deadlines and, on June 10, 2019, filed a joint case management report, which again noted Momentum's request for a stay and/or to bifurcate discovery (*i.e.*, to conduct discovery aimed at resolving the merits of the individual Plaintiffs claims first before proceeding to class discovery).  *See* Dkt. 25 (the "Report").

8.      The parties, through counsel, met and conferred on June 7 and 10, 2019 regarding Momentum's request to stay and/or bifurcate discovery.  Plaintiffs did not agree.

9.      On June 12, 2019, the Court entered a Case Management and Discovery Order. *See* Dkt. 26 (the "CMO").[2]  Per the CMO, fact discovery currently closes on January 13, 2020, expert discovery closes on March 20, 2020, dispositive motions are due March 30, 2020, and trial begins on September 8, 2020.  *Id*.  To date, no documents have been produced, no depositions have been scheduled or requested, and discovery remains in its early stages.

**B.      THE COURT SHOULD STAY DISCOVERY DURING THE PENDENCY OF MOMENTUM'S MOTION TO DISMISS THE AMENDED COMPLAINT.**

10.      Through the present motion, Momentum primarily seeks a stay of discovery so

---

[2] In the Report, the parties requested a preliminary pre-trial conference so the Court could resolve the issues presented in this motion.  *See* Dkt. 25 at pp. 3, 6.  In the CMO, while the Court indicated that it did not find that a preliminary conference was "necessary at this time," it did not rule on Momentum's request for a stay or to bifurcate and instead expressly "welcome[d] [the parties] to renew their request for a conference should the need to do so arise by filing the proper motion."   Dkt. 26 at p. 1, n.1.

that the Court can decide the Motion without burdening the parties or Court with discovery.

11.     It is well accepted that federal district courts have broad discretion to control their dockets, including to enter protective orders limiting or governing the timing of discovery under Fed. R. Civ. P. 26(c).  *See, e.g., Clinton v. Jones,* 520 U.S. 681, 706 (1997); *Tillman v. C.R. Bard, Inc.*, 297 F.R.D. 660, 664 (M.D. Fla. 2014); *Bandsuch v. Werner Enterprises, Inc.*, 2010 WL 2791706, at *1 (M.D. Fla. July 14, 2010).  *See also* Fed. R. Civ. P. 26(c)(1) (district courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  Along those lines, courts in this Circuit (especially in this District) have routinely found good cause to stay discovery during the pendency of a dispositive motion where, as here, the pending preliminary motion may dispose of the entire case, thus obviating the need for costly discovery.  *See, e.g., Race v. Bradford Cty., Fla.*, 2019 WL 1755808, at *2 (M.D. Fla. Apr. 19, 2019); *Seminole Cty. Tax Collector v. Domo, Inc.*, 2018 WL 6620952, at *1 (M.D. Fla. Dec. 13, 2018); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) (citing various cases); *McCabe v. Foley*, 233 F.R.D. 683, 685–87 (M.D. Fla. 2006).  The Eleventh Circuit also recently re-affirmed that "motions to dismiss should, ideally, 'be resolved before discovery begins.'"  *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).  *See also Moore v. Potter,* 141 F. App'x. 803, 807–08 (11th Cir. 2005)  (upholding the staying of discovery until ruling on the defendant's motion to dismiss).  In the present case, Momentum respectfully submits there is "good cause" for staying discovery during the

pendency of its Motion for at least the following reasons:

12.     ***First***, as noted above, the Motion seeks dismissal of the Amended Complaint with prejudice and, if granted, it would dispose of this entire case.   Consequently, it would be unduly burdensome for Momentum to proceed with discovery at this time while its Motion is pending, and it would be an unnecessary waste of party and judicial resources to proceed with discovery and to have to resolve potential discovery disputes which would be mooted if the Court grants Momentum's Motion and dismisses the entire case.   Moreover, if the Court does not dismiss the entire case, even a partial dismissal would serve to "narrow and clarify the scope of the issues" necessary and suitable for discovery, which also militates in favor of a stay. *Thomas v. New York City Dep't of Educ.*, 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010).

13.     ***Second***, Plaintiffs will suffer no prejudice if the Court were to grant a temporary stay of discovery.   Plaintiffs do not claim to have suffered any actual damages (*i.e.*, out of pocket losses) in this case and, instead, primarily seek statutory damages as well as injunctive relief.  *See* Dkt. 13, ¶¶84-85, 90-91, 98.  Additionally, as noted above, discovery is in its very early stages and has not been significant, and the Court just recently entered the CMO.

14.     ***Third***, a stay would have no significant impact on the case schedule either, particularly as: (i) this case has only been pending since March 27, 2019, (ii) there is no reason to believe that the Court will not decide the Motion in its usual timely fashion,  (iii) discovery currently does not close until January 2020 and trial is not slated to occur for well over a year, and (iv) the parties could agree to an extension, if necessary and assuming the Court is amenable, should the Court not dismiss the entire case or for any other reason.   Therefore, a short discovery stay would likely not have an impact on the timely resolution of this case.

**C.    IF DISCOVERY PROCEEDS, THE COURT SHOULD BIFURCATE INDIVIDUAL AND CLASS DISCOVERY.**

15.    If Plaintiffs' Amended Complaint survives the Motion and should discovery in this matter proceed, Momentum alternatively asserts that there is good cause for the Court to bifurcate discovery.   District courts, including this one, commonly bifurcate discovery for efficiency purposes, particularly in putative TCPA class actions like this one, so that the parties can focus first on the plaintiff-specific discovery necessary for the court to address the merits of the named plaintiff's claims before addressing class certification issues.  *See, e.g., Degutis v. Fin. Freedom, LLC*, 2013 WL 10207621, at *1–2 (M.D. Fla. Oct. 18, 2013) (granting defendants' motion to bifurcate discovery, which allowed for 60 days of discovery of the named plaintiff's claims and staying class discovery until a ruling on a motion for summary judgment); *Leschinsky v. Inter-Continental Hotels Corp.*, 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (granting defendant's motion to bifurcate discovery in TCPA class action, noting "Defendants' arguments in favor of a bifurcated discovery process [we]re well-taken" because they had "presented evidence suggesting that [the named plaintiff's] TCPA claims are without merit as a matter of law."); *Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, 2017 WL 2733758, at *1–3 (M.D. Fla. June 26, 2017) ("Within a district court's discretion in managing its cases in order to ensure that the cases move to a timely and orderly conclusion falls the discretion to bifurcate discovery.") (collecting Eleventh Circuit cases); *Physicians Healthsource, Inc. v. Anda, Inc.*, 2012 WL 7856269, at *2 (S.D. Fla. 2012) (ordering in TCPA case that, "in the interests of efficiency, Defendant should be allowed to conduct discovery on and submit a dispositive motion as to Plaintiff's individual claims" with "a schedule for class-certification briefing [to] be set after Defendant's dispositive motion is resolved."); *Mitchell v.*

*Industrial Credit Corp.*, 898 F. Supp. 1518, 1537 (N.D. Ala. 1995) (allowing phased discovery where "the first phase … would focus on the named plaintiffs and … discovery regarding putative class members and class status would be allowed, if appropriate, at a later time").

16.     In this case, the Court should bifurcate individual and class discovery for the sake of efficiency and judicial and party economy.   As argued in the Motion to Dismiss, the named Plaintiffs fail to state a claim under the TCPA because, among other things, they allege no facts that (1) Momentum physically placed the alleged calls at issue; (2) Momentum had an agency relationship with or control over any third parties who placed those calls; (3) the calls at issue were actually placed using a "pre-recorded voice" for Plaintiff Perrong or an "automatic telephone dialing system" for Plaintiff Breines; and/or (4) Momentum violated the TCPA's internal "Do Not Call" list regulations (which do not provide a private cause of action in any event).  *See generally* Dkt. 24.  Should Plaintiffs survive the Motion, therefore, focusing discovery on these narrow threshold issues first before proceeding with class discovery could result in a dispositive motion that would terminate this case, as the named Plaintiffs could not serve as the representatives of the proposed classes if Momentum prevails on a motion for summary judgment on these issues. *See, e.g., Wooden v. Board of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1289 (11th Cir. 2001) ("If the district court were to resolve a summary judgment motion in Defendants' favor and in doing so dismiss [plaintiff's] individual claim before ruling on class certification, then [plaintiff] would not be an appropriate class representative.").  Thus, bifurcating individual and class discovery will result in a more efficient and cost-effective resolution of this case that could preclude the need for expensive and time consuming class discovery and spare the Court and the parties from costly pretrial proceedings

that may ultimately prove wasteful. *See, e.g., Leschinsky,* 2015 WL 6150888, at \*2; *Degutis,* 2013 WL 10207621, at \*1–2; *Physicians Healthsource, Inc.* 2012 WL 7856269, at \*2.

17.     Momentum files this motion in good faith and not for the purpose of delay, for the sake of judicial and party economy, and to avoid the undue burden, cost, and expense associated either with proceeding with discovery during the pendency of its dispositive Motion or with class discovery before the Court resolves the merits of Plaintiff's individual claims.

WHEREFORE, for all of the reasons above, Defendant Pro Custom Solar LLC, d/b/a Momentum Solar, respectfully requests that the Court enter an order (a) temporarily staying all discovery in the matter until after the Court rules on the pending dispositive Motion to Dismiss (*see* Dkt. 24), and/or (b) should discovery proceed, bifurcating individual and class discovery on a schedule to be determined, along with granting all other relief deemed just and proper.[3]

DATED: June 14, 2019

Respectfully submitted,

By: *s/ A. Paul Heeringa*

A. Paul Heeringa (PHV/Trial Counsel)
MANATT, PHELPS & PHILLIPS LLP
151 N. Franklin St., Suite 2600
Chicago, Illinois 60606
Tel: (312) 529-6300
pheeringa@manatt.com

Josh Migdal (FBN 19136)
Yaniv Adar (FBN 63804)
MARK MIGDAL & HAYDEN
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: (305) 374-0440
josh@markmigdal.com

---

[3] As set forth in the Report, Momentum respectfully proposes that class discovery and, if necessary, trial proceed on a schedule to be determined after the Court rules on dispositive motions (*i.e.*, motions for summary judgment) under the current case management schedule in the CMO. *See* Dkt. 25 at p. 6. *See also Physicians Healthsource, Inc.*, 2012 WL 7856269, at \*2 (bifurcating discovery in a similar fashion)

yaniv@markmigdal.com
eservice@markmigdal.com

*Counsel for Defendant*
*Pro Custom Solar LLC*

## <u>LOCAL RULE 3.01(G) CERTIFICATION</u>

The undersigned counsel of record for Defendant certifies that he has conferred with opposing counsel, Avi Kaufman, Esq., in a good faith effort to resolve the issues raised by the foregoing motion, including via telephone and by email on June 7 and 10, 2019, and the parties were unable to agree to a resolution of the issues presented therein.

By: *s/ A. Paul Heeringa*
A. Paul Heeringa, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 14th day of June 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ A. Paul Heeringa*
A. Paul Heeringa, Esq.