# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CASE NO.: 19-cv-0353-BJD-PDB

ERIC BREINES AND ANDREW
PERRONG, INDIVIDUALLY, and
on behalf of all others similarly
situated,

            Plaintiffs,

v.

PRO CUSTOM SOLAR LLC,
D/B/A MOMENTUM SOLAR,
a New Jersey company

            Defendant
_____/

## DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY BRIEF

Pursuant to Local Rules 3.01(c) and (d), Defendant Pro Custom Solar LLC, d/b/a Momentum Solar ("Momentum" or "Defendant") respectfully requests that this Court grant Momentum leave to file a reply in support of Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (*see* Dkt. 24, "Motion") of no more than eight (8) pages in length and within no later than seven (7) days after the Court grants Momentum's request for leave. In support of its request, Momentum further states as follows:

## PROCEDURAL HISTORY AND BASIS FOR RELIEF

Plaintiffs Eric Breines and Andrew Perrong (collectively, "Plaintiffs") filed their original putative class action complaint in this matter on March 27, 2019, which seeks relief under the Telephone Consumer Protection Act ("TCPA"). *See* Dkt. 1 (the "Original Complaint"). Momentum moved to dismiss the entire Original Complaint on May 13, 2019.

1

*See* Dkt. 12. Rather than oppose that motion, however, Plaintiffs filed their First Amended Complaint on May 24, 2019. *See* Dkt. 13 (the "Amended Complaint"). Consequently, Momentum filed its current Motion on June 7, 2019, which seeks dismissal of the entire Amended Complaint with prejudice for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) on various grounds. *See* Motion at 1-2 (Dkt. 24). Plaintiffs filed their response in opposition to the Motion on June 21, 2019, which Momentum contends contains various misstatements of law and fact. *See* Dkt. 30 (the "Response"). On June 24 and 25, 2019, the parties met and conferred through their respective counsel pursuant to the Local Rules,[1] during which Plaintiffs' counsel of record indicated that Plaintiffs would not agree to Momentum's request for leave to file a reply brief.

## ARGUMENT

Momentum contends that Plaintiffs' Response misstates both law and fact as well as Defendant's arguments on germane issues and, therefore, that a reply to address those issues would be helpful to assist the Court with properly understanding the parties' positions and to adjudicate the Motion. *See, e.g., Ottaviano v. Nautilus Ins. Co.*, No. 8:08 CV-2204T33TGW, 2009 WL 425976, at *1 (M.D. Fla. Feb. 19, 2009) (permitting a reply memorandum to address misstatements and misapplication of the facts and case law); *Nankivil v. Lockheed Martin Corp.*, No. 3:02-512CIVJ21TEM, 2003 WL 25568817, at *8 (M.D. Fla. Mar. 7, 2003) (permitting reply to address misstatements of claims in complaint). Specifically, Momentum's anticipated reply brief will address, among other things, that Plaintiffs'

---

[1] "No party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave." M.D. Fla. L.R. 3.01(c). "A motion requesting leave to file . . . a reply or further memorandum shall not exceed three (3) pages, shall specify the length of the proposed filing." M.D. Fla. L.R. 3.01(d). Before filing a motion for leave to file a reply, "the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion." M.D. Fla. L.R. 3.01(g).

Response (i) does not accurately state the law with respect to direct or vicarious liability under the TCPA, (ii) does not accurately state the law with respect to other essential elements of a TCPA claim, (iii) does not accurately state the law with respect to the TCPA's "internal Do-Not-Call" regulations, (iv) does not accurately state the allegations in the Amended Complaint, (v) misapplies various legal authorities upon which Plaintiffs rely, and (vi) misconstrues the nature of the facts, law, and arguments presented in Momentum's Motion.

Momentum's anticipated reply brief in support of the Motion would be no more than eight (8) pages (not including the caption and signature block), would be filed within seven (7) days after the Court rules on this request for leave (if granted), and would neither prejudice the parties nor delay these proceedings in any way.

WHEREFORE, for all of the reasons above, Defendant Pro Custom Solar LLC, d/b/a Momentum Solar requests that the Court enter an order granting Defendant leave to file a reply in support of its pending Motion to Dismiss (*see* Dkt. 24) of no more than eight (8) pages (not including the caption and signature block) within seven (7) days after the Court rules on Momentum's request, along with all other relief the court deems just and proper.

DATED: June 25, 2019                                  Respectfully submitted,


                                                      By: *s/ A. Paul Heeringa*

                                                      A. Paul Heeringa (PHV/Trial Counsel)
                                                      MANATT, PHELPS & PHILLIPS LLP
                                                      151 N. Franklin St., Suite 2600
                                                      Chicago, Illinois 60606
                                                      Tel: (312) 529-6300
                                                      pheeringa@manatt.com

                                                      Josh Migdal (FBN 19136)
                                                      Yaniv Adar (FBN 63804)

3

MARK MIGDAL & HAYDEN
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Tel: (305) 374-0440
josh@markmigdal.com
yaniv@markmigdal.com
eservice@markmigdal.com

*Counsel for Defendant*
*Pro Custom Solar LLC*

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned counsel of record for Defendant certifies that he has conferred with opposing counsel, Avi Kaufman, Esq., on June 24 and 25, 2019 in a good faith effort to resolve the issues raised by the foregoing motion, and the parties were unable to agree to a resolution of the issues presented therein.

By: *s/ A. Paul Heeringa*
A. Paul Heeringa, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of June 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ A. Paul Heeringa*
A. Paul Heeringa, Esq.