IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **ERIC BREINES AND ANDREW PERRONG,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**PRO CUSTOM SOLAR LLC, D/B/A MOMENTUM SOLAR**, a New Jersey company,<br><br>*Defendant.* | Case No. 3:19-cv-00353-BJD-PDB |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO TEMPORARILY STAY DISCOVERY AND/OR
<u>TO BIFURCATE INDIVIDUAL AND CLASS DISCOVERY</u>**

The Court should deny Momentum Solar's motion in total. A stay pending a ruling on Momentum Solar's motion to dismiss is unwarranted because (1) the motion to dismiss lacks merit and is unlikely to be granted, and (2) a stay would prejudice Plaintiffs because of the risk of loss of relevant evidence during its pendency. Bifurcating merits and class discovery is also unwarranted because (1) the overlap between merits and class discovery defeats the potential for efficiency in the event of bifurcation, (2) as with a stay pending the motion to dismiss, the delay in taking class discovery would be prejudicial because of the risk of loss of relevant evidence, and (3) a ruling as to the merits of Plaintiffs' claims before class certification would run afoul of the one-way intervention doctrine.

    **I.    FACTS**

In this action, Plaintiffs assert three distinct claims under the Telephone Consumer Protection Act arising from telemarketing calls made by or on behalf of Momentum Solar: the first claim for making calls using a prerecorded voice; the second claim for making calls using an

autodialer; and the third claim for making telemarketing calls without maintaining adequate policies and procedures for maintaining an internal list of consumers who request not to be called.  Plaintiffs seek to certify a class in connection with each of these claims.

To obtain class certification and prevail on each of these claims, Plaintiffs must demonstrate that they were called in substantially the same way and for substantially the same reason as other class members.  For the prerecorded voice claim, Plaintiff Perrong must establish that he and others were called with a prerecorded voice soliciting their purchase of solar products or services.  For the autodialer claim, Plaintiff Breines must establish that he and others were called with an autodialer soliciting their purchase of solar products or services.  And for the internal do not call list claim, Plaintiff Perrong must establish that, at the time of Momentum Solar's calls to him and other consumers, Momentum Solar lacked adequate policies or procedures for maintaining an internal do not call list.  Accordingly, who is in the class is contingent on how and why there were called, resulting in significant overlap between the discovery necessary to establish the merits of Plaintiffs' claims and the viability of class certification.

> II. **A Stay of Discovery Pending A Motion to Dismiss Ruling Is Not Warranted Because Momentum Solar's Motion to Dismiss Is Unlikely to be Granted and Plaintiffs will be Prejudiced by a Stay**.

A defendant seeking a stay pending ruling on a motion to dismiss "has the burden of showing good cause and reasonableness." *Holsapple v. Strong Indus.*, Case No. 2:12-cv-355-UA-SPC, 2012 U.S. Dist. LEXIS 128009, at *2 (M.D. Fla. Sept. 10, 2012); *see Clinton v. Jones*, 520 U.S. 681, 708 (1997) (a defendant must demonstrate an actual "need" for a stay).[1]  In deciding whether to grant a stay, the district court "must balance the harm produced by a delay in discovery" and take a "preliminary peek" at the defendant's motion "to see if on its face there

---

[1] Internal citation and annotations omitted throughout.

2

appears to be an ***immediate and clear possibility*** that it will be granted." *S. HVAC Corp. v. Konforte*, No. 6:18-cv-1589-Orl-37TBS, 2018 U.S. Dist. LEXIS 198274, at *1-3 (M.D. Fla. Nov. 21, 2018) (emphasis supplied). If "after reviewing the motion to dismiss and Plaintiffs' response, the Court is not persuaded that 'there appears to be an immediate and clear possibility that' Defendant's motion will be granted," it should deny the motion to stay discovery. *Adacel, Inc. v. Adsync Techs., Inc.*, No. 6:18-cv-1176-Orl-18TBS, 2018 U.S. Dist. LEXIS 199435, at *4-5 (M.D. Fla. Nov. 26, 2018).

Here, a review of Momentum Solar's motion to dismiss and Plaintiffs' response, makes it immediately clear that Momentum Solar's motion is not likely to be granted. Specifically, Plaintiffs state claims under the Telephone Consumer Protection Act's autodialer, prerecorded voice, and do not call list provisions.

First, Plaintiffs sufficiently allege that Momentum Solar is directly liable for the calls they received because Plaintiffs were contacted directly by Momentum Solar. Among other allegations, Plaintiff Breines specifically states that the individual that called "identified themselves as Momentum Solar."

Second, Plaintiffs sufficiently allege receiving prerecorded and autodialed calls. With regard to the use of a prerecorded message, Plaintiff Perrong unequivocally alleges that during the first call he received from Momentum Solar he heard a prerecorded voice message advertising solar services. With regard to the use of an autodialer, both Plaintiffs allege facts and circumstances surrounding the calls they received from Momentum Solar sufficient to raise a plausible inference that an autodialer was used, including that the calls were commercial and generic, that they were made without consent, that they were received from a "spoofed" number that was not in service, that there was a long pause and/or popping sound at the start of the call, and that the calls were incessant.

Third, Plaintiff Perrong sufficiently alleges a claim arising from Momentum Solar's failure to implement sufficient procedures for maintaining an internal list of consumers who request not to be called for which the TCPA specifically provides a private right of action. It is a question for the trier of fact whether the multiple week delay in ceasing calls to Plaintiff Perrong after he requested to be placed on Momentum Solar's internal do not call list – *and during which time Momentum Solar called him an additional 20 times* – was reasonable, and whether, as a result, Momentum Solar's policies were sufficient. Accordingly, it is unlikely that Momentum Solar's motion to dismiss, on which its motion to stay is predicated, will be granted.

Moreover, regardless of the likelihood of Momentum Solar prevailing on its motion, Plaintiffs will be prejudiced by a stay. If, for example, it is ultimately determined that the calls Plaintiffs received regarding Momentum Solar's products and services were in fact made by third party marketers for whose conduct Momentum Solar may be vicariously liable, as Momentum Solar appears to insinuate in its motion to dismiss, any stay related delay amplifies the risk that non-parties to this action may destroy or otherwise lose relevant evidence. *See Saleh v. Crunch, LLC*, No. 17-62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at *5 (S.D. Fla. Feb. 28, 2018) (denying a stay in a TCPA case and noting that the "fading memory of any witness" is prejudicial). Specifically, although TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a), not all telecommunications companies or other telemarketing companies keep records of telephone activities for up to four years. Without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Many of the major telecommunications providers will only retain call record information for 12-18 months, and presumably smaller telecommunications providers keep this information for an even shorter period of time. Accordingly, needless delay of discovery may thwart Plaintiffs' ability to discover class information maintained by third parties, which may not have a duty to

preserve the information pending litigation, and will prejudice Plaintiffs. In contrast, the only *risk* to Momentum Solar if a stay is not granted is having to respond to discovery, which is not prejudicial. *See MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, No. 17-21289-Civ-WILLIAMS/TORRES, 2017 U.S. Dist. LEXIS 205650, at *8 (S.D. Fla. Dec. 14, 2017) (denying motion to stay and/or phase discovery and explaining that "the party seeking the protective order must show good cause by demonstrating a particular need for protection because broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do **not** satisfy the Rule 26(c) test.") (emphasis in original).

Under these circumstances, where Plaintiffs have asserted viable claims and face potential prejudice from a stay, the balance tips heavily in favor of denying Momentum Solar's request for a stay. This conclusion is underscored by the cases Momentum Solar relies on in its motion.

For example, in *Chudasama,* the plaintiffs brought a claim under a novel and "dubious" legal theory. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.12, 1369 n.39 (11th Cir. 1997). This novel and dubious claim "substantially widened the scope of discovery." *Id.* at 1360. In evaluating the district court's refusal to rule on the motion to dismiss or grant a stay, the Eleventh held only that "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.* at 1368. Here, Plaintiffs' claims are not novel or dubious, and Momentum Solar challenges only the sufficiency of Plaintiffs' factual allegations, and not the validity of Plaintiffs' legal theory. *See In re Winn Dixie Stores, Inc.*, 2007 U.S. Dist. LEXIS 47014, at *4-7 (M.D. Fla. June 28, 2007) ("By focusing on the obviousness of the failure of the questioned claims …, the Eleventh Circuit made clear that discovery should be stayed pending the outcome of a motion to dismiss where a court is confident that the motion will ultimately be successful.").

The Court should therefore deny Momentum Solar's motion to stay pending a ruling on its motion to dismiss.

### III. Bifurcating Merits and Class Discovery Will Not Promote Judicial Efficiency, Is Prejudicial, and Violates the One-Way Intervention Rule

To grant a request to bifurcate discovery, the movant must establish that relief is necessary for "convenience, to avoid prejudice, or to expedite and economize." *See Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 U.S. Dist. LEXIS 6778, at *3-4 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate merits and class discovery in TCPA action). "The moving party bears the burden of establishing" that the relief "is appropriate." *Id.* at *5. Here, Momentum Solar's request to bifurcate discovery should be denied for at least three reasons.

First, because of the overlap between discovery regarding the merits of Plaintiffs' claims and class certification, Defendant's request to bifurcate discovery will not promote judicial efficiency or a prompt resolution of the case. To the contrary, bifurcation will unnecessarily delay the action, prejudicing Plaintiffs and the putative classes, by requiring the Court to resolve the parties' anticipated disagreement as to bright-line between merits and class certification discovery. *Charvat*, 2016 U.S. Dist. LEXIS 6778 at *6 ("In fact, bifurcation would have the opposite effect."). Under these circumstances, district courts in this Circuit regularly refuse to bifurcate discovery. *See, e.g., MAO-MSO Recovery II, LLC*, 2017 U.S. Dist. LEXIS 205650, at *16 ("we decline to exercise our discretion to phase discovery because the issues surrounding standing, merits, and class certification may be inextricably tied together, and may therefore require more — not less — judicial intervention to resolve the parties' disagreements"); *Tillman v. Ally Fin. Inc.*, No. 2:16-cv-313-FtM-99CM, 2016 U.S. Dist. LEXIS 140950, at *10 (M.D. Fla. Oct. 12, 2016) (same); *Cabrera v. Gov't Emples. Ins. Co.*, No. 12-61390-CIV, 2014 U.S. Dist. LEXIS 90810, at *23 (S.D. Fla. July 3, 2014) (same); *Lakeland Reg'l Med. Ctr. v. Astellas US, LLC*, No. 8:10-cv-2008-T-33TGW, 2011 WL 486123, at *2 (M.D. Fla. 2011) ("The Court is not

6

persuaded that phased discovery will conserve the resources of the parties or the Court. This is because the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."). As the Advisory Committee on the Federal Rules has warned, bifurcation generally is "artificial and ultimately wasteful." Fed, R. Civ. P. 23(c)(1)(a) Notes of Advisory Committee on Rules—2003 Amendments. Bifurcated discovery in this case will only result in needless conflict, more work for the Court, and unnecessary delay.

Second, bifurcation of discovery is prejudicial to Plaintiffs' discovery of class information from third parties, and amplifies the risk that evidence will be lost or destroyed. *Saleh*, 2018 U.S. Dist. LEXIS 36764, at *5 (denying a stay in a TCPA case and noting that the "fading memory of any witness" is prejudicial).

Third, Defendant's proposed sequencing of this action violates the one-way intervention rule and provides an independent basis to deny the requested bifurcation. "'One-way intervention' occurs when the potential members of a class action are allowed to 'await . . . final judgment on the merits in order to determine whether participation [in the class] would be favorable to their interests.'" *Am. Pipe & Constr. Co. v. State of Utah*, 414 U.S. 538, 547, 94 S. Ct. 756, 763, 38 L. Ed. 2d 713 (1974). Rule 23(c)(2)'s requirement that, in opt-out class actions, notice be given to all class members as soon as practicable was intended by Congress to prevent one-way intervention." *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1252-53 (11th Cir. 2003) (additional internal citation omitted). "Determining the merits of a putative class action, for example, in a motion for summary judgment, prior to determining the preliminary question of class certification can violate the rule against one-way intervention." *Licari Fam. Chiropractic Inc. v. eClinical Works, LLC*, No. 8:16-cv-3461-MSS-JSS, 2019 U.S. Dist. LEXIS 104634, at *2 (M.D. Fla. Feb. 26, 2019) (denying motions for summary judgment without prejudice). In keeping with this rule, courts have held that, in general, issues relating to class

7

certification should be decided before a decision on the merits is rendered. *Id.*, at *3 (internal citation omitted).² Therefore, Momentum Solar's request to sequence merits discovery before class discovery unnecessarily violates the one-way intervention doctrine.

The bifurcation of discovery Momentum Solar demands will likely promote inefficiency, result in the loss of relevant evidence, and violate the one-way intervention doctrine. The Court should therefore deny Momentum Solar's motion to bifurcate discovery.

IV.   **Conclusion**

Neither a stay pending a ruling on Momentum Solar's motion to dismiss nor bifurcation of discovery is warranted. Neither will ultimately promote efficiency or a prompt resolution of this action, and both are likely to prejudice Plaintiffs. The Court should therefore deny Momentum Solar's motion in all respects.

Respectfully Submitted,

Dated: June 28, 2019

 */s/ Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiffs and all others similarly situated*

---

² Moreover, the issues that Momentum proposes be decided at summary judgment are common issues to the class, not merely issues particular to Plaintiffs. "There is authority that when a district court decides a motion for summary judgment before a class has been certified, that decision will not bind putative class members." *Mendez v. Radec Corp.*, 260 F.R.D. 38, 46 (W.D.N.Y. 2009). Accordingly, the sequencing proposed by Defendant is inefficient and improper.

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

                                                     */s/ Avi R. Kaufman*