United States District Court
Middle District of Florida
Jacksonville Division

**ERIC BREINES & ANDREW PERRONG,**

    *Plaintiffs,*

v.                                                                                                                                                             No. 3:19-cv-353-J-39PDB

**PRO CUSTOM SOLAR LLC,**
**D/B/A/ MOMENTUM SOLAR,**

    *Defendant.*

## Order

Alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Eric Breines and Andrew Perrong sue Momentum Solar on behalf of themselves and a proposed class of others similarly situated. Doc. 13. Breines and Perrong bring three claims, alleging Momentum called (1) Breines's cellphone using an automatic telephone dialing system, (2) Perrong's telephone number using a prerecorded voice, and (3) Perrong's telephone number in violation of "do-not-call list" regulations.[1] Doc. 13 at 14–18.

Momentum moves to dismiss the amended complaint with prejudice, contending Breines and Perrong fail to state claims on which relief may be granted; specifically, they fail to allege sufficient facts to make plausible that Momentum placed the calls, that Momentum is vicariously liable for placement of the calls, and

---

[1]The proposed class includes the "autodialed class" (anyone who received a call like Breines in the four years before the filing of this action), the "pre[]recorded call class" (anyone who received a call like Perrong in the four years before the filing of this action), and the "internal DNC class" (anyone who, like Perrong, received calls potentially violating "do-not-call list" regulations in the four years before the filing of this action). Doc. 13 ¶ 76.

that a prerecorded voice or automatic dialing system was used for the calls. Doc. 24 at 17–26. Momentum also contends the "do-not-call list" regulations provide no private cause of action and that, even if they do, Perrong has failed to allege sufficient facts to prove a violation. Doc. 24 at 26–28.

Before the Court is Momentum's motion for a stay of discovery pending a ruling on the motion to dismiss and, if the motion to dismiss is denied, to bifurcate discovery into individual and class phases. Doc. 29. Breines and Perrong oppose the motion. Doc. 32. The Court heard arguments on the motion on July 18, 2019. Doc. 38. The discovery deadline is January 13, 2020, and trial is scheduled for September 2020. Doc. 26.

Momentum contends good cause supports a request to stay. Doc. 29 at 3–4. Momentum explains no documents have been produced and no depositions have been scheduled or requested. Doc. 29 at 3. Momentum contends starting discovery now would be wasteful because, if the motion to dismiss is granted, it will either dispose of the case or narrow the claims. Doc. 29 at 3–5. Momentum contends Breines and Perrong will not be prejudiced because they seek no actual damages—only statutory damages and injunctive relief regarding future calls. Doc. 29 at 5; *see* Doc. 13 at 16–17 (prayer for relief in amended complaint). Momentum contends a stay will not significantly impact the case schedule because the case has only been pending since March 2019 and deadlines can be moved if the Court is agreeable. Doc. 29 at 5.

Momentum asks that, if the Court denies the motion to dismiss and the case proceeds, the Court bifurcate discovery to address the merits of Breines's and Perrong's claims before allowing class discovery. Doc. 29 at 6. Momentum contends proceeding with discovery first for the issues raised in the motion to dismiss— whether Momentum physically made the calls; whether Momentum had an agency relationship with or control over anyone who made the calls; whether the calls used an automatic dialing system for Breines or prerecorded voice for Perrong; and whether Momentum violated any "do-not-call list" regulations or internal policies—

2

would be proper because discovery on those issues could result in a dispositive motion terminating the case before proceeding with class discovery (if Breines and Perrong cannot serve as class representatives). Doc. 29 at 7.

Breines and Perrong contend neither a stay nor bifurcation is warranted. Doc. 32. They contend the motion to dismiss is unlikely to be granted because they have alleged sufficient facts to state TCPA claims. Doc. 32 at 3–4. They contend they will be prejudiced by a stay because any delay "amplifies the risk that non-parties ... may destroy or otherwise lose relevant evidence," referencing the possibility of Momentum using third-party marketers to make the calls and explaining that "[m]any of the major telecommunications providers will only retain call record information for 12–18 months, and presumably smaller telecommunications providers keep this information for an even shorter period of time." Doc. 32 at 4. They contend that, "[i]n contrast, the only risk to Momentum if a stay is not granted is having to respond to discovery, which is not prejudicial." Doc. 32 at 5.

Breines and Perrong contend bifurcating discovery is also unwarranted. Doc. 32 at 6–8. They discuss bifurcation of merits and class discovery and contend it will waste judicial resources, requiring court intervention to resolve disagreements about whether discovery goes to merits or class certification. Doc. 32 at 6. They contend the issues Momentum seeks to resolve first through discovery are common to the class, and class certification should be determined before determining the merits of a putative class action, citing the "one-way intervention" rule.[2] Doc. 32 at 7–8. They again contend any delay from bifurcation prejudices potential class members because evidence from third parties could be lost. Doc. 32 at 7.

---

[2] "One-way intervention occurs when the potential members of a class action are allowed to await ... final judgment on the merits in order to determine whether participation [in the class] would be favorable to their interests." Doc. 32 at 7 (citing *Am. Pipe & Constr. Co. v. State of Utah*, 414 U.S. 538, 547 (1974) (internal quotation marks omitted)).

3

At oral argument, counsel for Momentum explained the proposed bifurcation of individual and class discovery would potentially require two summary-judgment motions: one for the individual plaintiffs (Breines and Perrong) before allowing class discovery and determining class certification, and, if unsuccessful, a second one after class discovery has ended. Counsel for Breines and Perrong agreed the "one-way intervention" rule is designed to benefit a defendant and is not at issue here because Momentum agreed not to raise that argument while also seeking bifurcation. Counsel for Breines and Perrong argued the main issue is a concern of delaying the case and potentially losing discovery given the possibility that Momentum directed third parties—who are currently unknown and not under a litigation hold—to make the calls. Counsel for Momentum maintained allowing any discovery before deciding the motion to dismiss is a waste of resources and expense.

Federal Rule of Civil Procedure 1 provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Rule 23(c)(1)(A) provides that, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."[3] "Time may be needed to gather information necessary to make the certification decision. … [D]iscovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial." Advisory Comm. Notes (2003 Amend.). "Other

---

[3] Local Rule 4.04(b) provides, "Within ninety (90) days following the filing of the initial complaint in such an action, unless the time is extended by the Court for cause shown, the named plaintiff or plaintiffs shall move for a determination under Rule 23(c)(1) as to whether the case is to be maintained as a class action." Momentum filed the current motion before the deadline expired. *See* Doc. 1 (initial complaint filed on March 27, 2019), Doc. 29 (current motion filed on June 14, 2019). In the case management report, Breines and Perrong requested a class certification deadline of January 13, 2020. Doc. 25 at 6. Momentum did not oppose an extension of the deadline but asked the Court to set the deadline after ruling on dispositive motions concerning the named plaintiffs. Doc. 25 at 6.

considerations may affect the timing of the certification decision. The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." *Id*.

Rule 26(c)(1) provides that a party from whom discovery is sought may move for a protective order, and the court may, for good cause, issue an order to protect the party from undue burden or expense, including by forbidding the disclosure or discovery, limiting the scope of the disclosure or discovery, and specifying the terms for the disclosure or discovery.

A court has broad discretion to stay discovery "until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). To decide if there are preliminary questions that may dispose of a case, a court may take a "preliminary peek" at a pending dispositive motion. *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). To avoid potentially needless cost, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), a stay may be proper if resolution of a pending dispositive motion might dispose of the case, *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). In deciding whether to stay discovery, a court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

Here, without diving deeply into the merits of Momentum's motion to dismiss, neither side appears to be a clear winner on any issue. A cursory review of some cases suggests the motion or parts of the motion may well be denied.[4] *See, e.g, Charvat v.*

---

[4]The Court pauses to acknowledge that, in the plausibility context, there are limits to the value of comparing two cases. See *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will … be a context-specific task[.]").

*LE Energy, LLC,* No. 2:19-cv-1325, 2019 WL 3891830, at *2–3 (S.D. Ohio Aug. 19, 2019) (unpublished) (allegations sufficient to raise plausible inference defendant responsible for initiating call); *Hirsch v. Fortegra Fin. Corp.*, No. 3:17-cv-1215-J-39JBT, 2018 WL 4760801, at *4 (M.D. Fla. June 26, 2018) (unpublished) (allegations sufficient to make plausible use of prerecorded voice), *report & recommendation adopted by* 2018 WL 4759895, at *1 (July 30, 2018) (unpublished) (Davis, J.); *Wagner v. CLC Resorts and Devs., Inc.*, 32 F. Supp. 3d 1193, 1197–98 (M.D. Fla. 2014) (private cause of action for failure to comply with "do-not-call list" regulations); *De Los Santos v. Millward Brown, Inc.*, No. 13-80670-CV, 2014 WL 2938605, at *3–4 (S.D. Fla. June 30, 2014) (unpublished) (allegations sufficient to make plausible use of automatic dialing system). Considering that possible outcome, that a stay could delay the determination of the action by months or longer, and that a stay could result in the destruction of relevant evidence by third parties, a stay is unwarranted.

A court also has broad discretion to bifurcate discovery. *Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, No. 2:17-cv-24-FtM-38CM, 2018 WL 1620899, at *1 (M.D. Fla. Apr. 4, 2018) (unpublished) (citing cases). In the TCPA context, a motion to bifurcate individual and class discovery is not unheard of, with varied results largely based on educated guesses about future unknowns. *Compare, e.g., Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106 (JMA) (SIL), 2016 WL 207677, at *2–3 (E.D.N.Y. Jan. 12, 2016) (unpublished) (denying motion), and *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-2219-JST, 2015 WL 273188, at *2–3 (N.D. Cal. Jan. 20, 2015) (unpublished) (denying motion), *with Katz v. Liberty Power Corp., LLC*, No. 18-cv-10506-ADB, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) (unpublished) (granting motion), *Rivera v. Exeter Fin. Corp.*, No. 15-cv-01057-PAB-MEH, 2016 WL 374523, at *2 (D. Col. Feb. 1, 2016) (unpublished) (referencing earlier order granting motion), and *Leschinsky v. Inter–Continental Hotels Corp.,* No. 8:15–cv–1470–T–30MAP, 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015) (unpublished) (granting motion). In those cases, courts have considered various factors: the likelihood of overlap of individual and class discovery, the likelihood of ensuing

discovery motions, the likelihood of prejudice to the nonmovant, evidence suggesting the claims of the named plaintiffs lack merit or the absence of such evidence, the timing of the bifurcation motion, whether the case can continue if the claims of the named plaintiffs are dismissed, the interests of judicial economy, and the "early practicable time" requirement of Rule 23(c)(1)(A). Added to those considerations is the goal of "just, speedy, and inexpensive determination of every action" reflected in Rule 1.

Unsurprisingly given the varied results, both sides make valid points. But considering all pertinent factors and recognizing this is a close call, bifurcation is unwarranted. Most important to this discretionary decision are the first four and last two of those factors, the expectation that the parties will hew to the proportionality requirement of Rule 26(b)(1), and the availability of relief under Rule 26(c)(1) should discovery become unduly burdensome or expensive as Momentum fears.

The Court thus **denies** the motion to stay or for bifurcated discovery, Doc. 29. At oral argument, the parties agreed to stay discovery pending resolution of the motion. Discovery may now proceed. By **September 6, 2019**, the parties must file a joint notice setting forth any proposed changes to the case management and scheduling order, Doc. 25, in light of the delayed start to discovery, a proposed deadline to file a motion for class certification, and any other proposed deadlines deemed warranted.

**Ordered** in Jacksonville, Florida, on August 22, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record