# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CASE NO.: 19-cv-0353-BJD-PDB

ERIC BREINES AND ANDREW
PERRONG, INDIVIDUALLY, and on
behalf of all others similarly situated,

                  Plaintiffs,

v.

PRO CUSTOM SOLAR LLC, D/B/A
MOMENTUM SOLAR,
a New Jersey company

                  Defendant.

_____/

**DISPOSITIVE
MOTION**

## DEFENDANT MOMENTUM SOLAR'S
## MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO 28 U.S.C. § 1406(A) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

BACKGROUND ................................................................................................... 3

ARGUMENT ........................................................................................................ 4

I.      VENUE IS IMPROPER IN THE MIDDLE DISTRICT OF FLORIDA ......................... 5

II.     THE CONVENIENCE OF THE PARTIES AND INTERESTS OF JUSTICE
        WARRANT TRANSFER ................................................................................ 8

        A.      This Case Could Have Been Brought in the District of New Jersey .................. 10

        B.      The Balance of Factors Weigh Heavily In Favor of Transfer ............................ 11

                1.      Convenience of the parties and witnesses clearly favors the District
                        of New Jersey .......................................................................... 11

                2.      Access to sources of proof favors the District of New Jersey ................. 12

                3.      Plaintiffs' choice of forum should be afforded no weight ...................... 13

                4.      The cost of transfer favors the District of New Jersey ........................... 15

                5.      Judicial economy favors the District of New Jersey ............................. 16

III.    VENUE IS A THRESHOLD ISSUE THAT SHOULD BE DECIDED PRIOR TO
        RULING ON MOMENTUM'S MOTION TO DISMISS .............................................. 17

CONCLUSION ....................................................................................................... 18

# TABLE OF AUTHORITIES

**Page**

## CASES

*Baker v. Major League Baseball Properties, Inc.*,
No. 308CV114, 2009 WL 1098482 (N.D. Fla. Apr. 22, 2009) ...............................................17

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017) .........................................................................................................5, 6, 10

*Botha v. Sony Music Entm't*,
No. 818CV01145T33JSS, 2018 WL 7252938 (M.D. Fla. July 30, 2018) ..........................9, 12

*Camacho v. United States*,
No. 19-61167-CIV, 2019 WL 6130441 (S.D. Fla. Nov. 19, 2019) ........................................14

*Camoco, LLC v. Leyva*,
No. 818CV1693T33JSS, 2018 WL 6166302 (M.D. Fla. Sept. 21, 2018) ........................12, 16

*Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp.*,
508 F. Supp. 2d 1186 (S.D. Fla. 2007) .................................................................................13

*Chudasama v. Mazda Motor Corp.*,
123 F.3d 1353 (11th Cir. 1997) ............................................................................................17

*Clean Fuels of Indiana, Inc. v. Riverport Ins. Co.*,
No. 616CV1472ORL37TBS, 2016 WL 6650714 (M.D. Fla. Nov. 10, 2016) .........................7

*Dominguez v. Yahoo, Inc.*,
894 F.3d 116 (3d Cir. 2018) ..................................................................................................14

*Fleming v. Associated Credit Servs., Inc.*,
342 F. Supp. 3d 563, 576 (D.N.J. 2018) ...............................................................................14

*Flood v. Avis Budget Grp.*,
No. 09-80874-CIV, 2010 WL 11504771 (S.D. Fla. June 30, 2010) ........................................8

*Frasca v. Fla. Dep't of Corr.*,
No. 8:16-CV-1967-T-33JSS, 2016 WL 6879244 (M.D. Fla. Nov. 22, 2016) .......................16

*Frey v. Minter*,
No. 8:17-CV-147-T-30JSS, 2017 WL 2172195 (M.D. Fla. May 17, 2017) ............................8

*Future Fibre Techs. Pty. Ltd. v. Optellios, Inc.*,
No. 2:08-CV-00600-UA-DNF, 2009 WL 10669775 (M.D. Fla. May 7, 2009) ......................9

*Garay v. BRK Elecs.*,
755 F. Supp. 1010 (M.D. Fla. 1991) .....................................................................................13

*Gonzalez-Plata v. Love-Geiger*,
No. 8:09-CV-1956-T-27EAJ, 2010 WL 11629104 (M.D. Fla. June 14, 2010) ......................9

*Home Ins. Co. v. Thomas Indus., Inc.*,
896 F.2d 1352 (11th Cir. 1990) ............................................................................................17

# TABLE OF AUTHORITIES
(continued)

**Page**

*Jenkins Brick Co. v. Bremer*,
    321 F.3d 1366 (11th Cir. 2003) ..............................................................................4, 7

*Jones Real Estate, Inc. v. Avatel Techs., Inc.*,
    No. 17-23933-CIV, 2018 WL 1121537 (S.D. Fla. Mar. 1, 2018) ...........................14

*Kempton v. Life for Relief & Dev. Inc.*,
    No. CV-19-02156-PHX-DJH, 2019 WL 5188750 (D. Ariz. Oct. 15, 2019)..............2, 14, 15

*Kidwell v. Arison*,
    No. 2:13-CV-536-FTM-38, 2013 WL 3927822 (M.D. Fla. July 24, 2013) ................2

*Maid to Perfection Glob., Inc. v. Miller*,
    No. 618CV463ORL22GJK, 2018 WL 8244570 (M.D. Fla. Aug. 22, 2018) .............7

*Manuel v. Convergys Corp.*,
    430 F.3d 1132 (11th Cir. 2005) ................................................................................9

*Martin v. Scottrade, Inc.*,
    No. 817CV1042T24AAS, 2017 WL 6624136 (M.D. Fla. Dec. 28, 2017)................9

*Maxon v. Sentry Life Ins. Co.*,
    No. 617CV1569ORL40TBS, 2018 WL 3850011 (M.D. Fla. Apr. 11, 2018) .........16

*NuTek Int'l, Inc. v. Moxley-W.*,
    No. 3:13-CV-494-J-34PDB, 2014 WL 12623811 (M.D. Fla. Mar. 26, 2014) ...........6, 7

*Osgood v. Discount Auto Parts, LLC*,
    981 F. Supp. 2d 1259 (S.D. Fla. 2013) ....................................................10, 11, 16

*Performance Brokerage Servs., Inc. v. Pomeroy*,
    No. 218CV580FTM99MRM, 2018 WL 4207917 (M.D. Fla. Sept. 4, 2018)...........8

*PG Creative Inc. v. Affirm Agency, LLC*,
    No. 18-CV-24299, 2019 WL 5684219 (S.D. Fla. Oct. 31, 2019)............................6

*Sanshuck v. Guzman*,
    No. 218CV737FTM99MRM, 2019 WL 1092738 (M.D. Fla. Feb. 1, 2019)........................5, 8

*Scoma Chiropractic, P.A. v. Dental Equities, LLC*,
    No. 2:16-CV-41-FTM-99MRM, 2016 WL 11410896 (M.D. Fla. Apr. 29,
    2016) ....................................................................................................................10, 13

*Somogyi v. Freedom Mortg. Corp.*,
    No. CV 17-6546 (JBS/JS), 2018 WL 3656158 (D.N.J. Aug 2, 2018).....................14

*Steinberg v. Luedtke Trucking, Inc.*,
    No. 216CV452FTM99MRM, 2016 WL 5719333 (M.D. Fla. Sept. 30, 2016).........5

*Summers-Wood L.P. v. Wolf*,
    No. 3:08-CV-60/RV/MD, 2008 WL 2229529 (N.D. Fla. May 23, 2008)..............17

iii

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Suomen Colorize Oy v. DISH Network L.L.C.*,
    801 F. Supp. 2d 1334 (M.D. Fla. 2011)................................................................... passim

*Tempur-Pedic N. Am., LLC v. Mattress Firm, Inc.*,
    No. 8:18-CV-2147-T-33SPF, 2018 WL 8369104 (M.D. Fla. Sept. 20, 2018)............10, 11, 12

*United States v. McCutcheon*,
    86 F.3d 187 (11th Cir. 1996) ......................................................................................17

*Vogue Int'l, LLC v. Hartford Cas. Ins. Co.*,
    No. 8:16-CV-3224-T-23AEP, 2017 WL 3773248 (M.D. Fla. Jan. 17, 2017).......................14

*Waite v. All Acquisition Corp.*,
    901 F.3d 1307 (11th Cir. 2018), *cert. denied sub nom. Waite v. Union Carbide*
    *Corp.*, 139 S. Ct. 1384, 203 L. Ed. 2d 611 (2019) ...............................................6, 11

*Westley v. Alberto*,
    703 F. App'x 727 (11th Cir. 2017) ................................................................................2

*Wildstein v. Cheyenne Holdings, Inc.*,
    No. 616CV336ORL41TBS, 2016 WL 7366892 (M.D. Fla. Aug. 9, 2016) ........................2, 5

*Woodke v. Dahm*,
    70 F.3d 983 (8th Cir. 1995) ........................................................................................7

**STATUTES**

28 U.S.C. § 1331 ................................................................................................................10

28 U.S.C. § 1391 ................................................................................................................5, 8

28 U.S.C. § 1391(b) ...........................................................................................................7

28 U.S.C. § 1391(b)(1) .......................................................................................................5, 7, 10

28 U.S.C. § 1391(b)(2) .......................................................................................................10

28 U.S.C. § 1391(c) ...........................................................................................................5

28 U.S.C. § 1404(a) ...........................................................................................................1, 2, 9, 11

28 U.S.C. § 1406 ................................................................................................................2

28 U.S.C. § 1406(a) ...........................................................................................................1, 5, 8

**RULES**

Rule 12(b)(6)......................................................................................................................3, 15, 17

Defendant Pro Custom Solar LLC, d/b/a Momentum Solar ("Momentum"), hereby respectfully moves the Court (i) to dismiss the First Amended Class Action Complaint (*see* Dkt. 13, "First Amended Complaint" or "FAC") filed by Plaintiffs Eric Breines ("Breines") and Andrew Perrong ("Perrong") (collectively, "Plaintiffs") in this matter for improper venue pursuant to 28 U.S.C. § 1406(a), or in the alternative, (ii) to transfer this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a), which is a more convenient (and in fact the proper) venue.  In support of this Motion, Momentum respectfully submits the following incorporated memorandum of law and supporting exhibits filed herewith.

## INTRODUCTION

Simply put, Plaintiffs have forum-shopped this case to Florida.  In this lawsuit, Plaintiffs allege that they received unsolicited phone calls to their residential (Perrong) and cellular (Breines) phones in violation of the Telephone Consumer Protection Act ("TCPA").  However, the only calls allegedly received by either of the Plaintiffs from Momentum were follow-up calls to Plaintiffs in response to specific appointments Plaintiffs requested regarding solar energy.  And, more importantly for present purposes, ***none of those calls have any demonstrated connection to Florida*** and, thus, this Motion should be granted for at least the following reasons:

First, as Plaintiffs concede, Momentum is a New Jersey-based company.  Second, neither Plaintiff alleges any facts suggesting any of the calls at issue originated in Florida or in this District, nor could they plausibly do so given Momentum does not have a call center located in Florida.  Third, Perrong alleges he is a Pennsylvania resident and does not claim to have received any calls in Florida.  Fourth, while Breines alleges in the Complaint and again in the First Amended Complaint ("FAC") that he is a Florida resident and he received the calls at issue in this District, discovered evidence demonstrates Breines, whose cell phone bears a New Jersey

area code according to the FAC, **was actually in New Jersey** (i.e., the same state as Momentum) at the time of the alleged calls.   It seems that these demonstrably false allegations were strategically included in the FAC to avoid litigating this case in the District of New Jersey where the law on what constitutes a TCPA violation clearly favors Momentum.   After disregarding these false allegations, this case has no connection whatsoever to this District or to the state of Florida, and thus the Court should dismiss the FAC under 28 U.S.C. § 1406 for improper venue.[1]

It is also apparent that venue in this District is extremely inconvenient, particularly as most (if not all) of the relevant witnesses, evidence, and operative facts are located and/or occurred in (or at least in close proximity to) the District of New Jersey.   Thus, all of the parties—and not just Momentum—will save significant time and resources by transferring this case to the district where the relevant witnesses and evidence are located.   Moreover, federal courts regularly disregard a plaintiff's chosen forum where, as here, forum shopping is evident. Plaintiffs' counsel knows this well, as another of his cases was recently transferred under 28 U.S.C. § 1404(a) as a result of his "strategic maneuvering" and improper forum shopping.   The same should be done here.[2]

In short, because the District of New Jersey is clearly a more suitable and appropriate (and indeed *the proper*) venue for this case, the Court should disregard Plaintiffs' attempt at

---

[1] It is well accepted that this Court has discretion to dismiss this case *sua sponte* if it determines that venue is improper.   *See, e.g., Westley v. Alberto*, 703 F. App'x 727, 730 (11th Cir. 2017); *Kidwell v. Arison*, No. 2:13-CV-536-FTM-38, 2013 WL 3927822, at *1 (M.D. Fla. July 24, 2013) (stating that the Eleventh Circuit recognizes the court's ability to raise the issue of defective venue *sua sponte*); *Wildstein v. Cheyenne Holdings, Inc.*, No. 616CV336ORL41TBS, 2016 WL 7366892, at *3 (M.D. Fla. Aug. 9, 2016), *report and recommendation adopted*, No. 616CV336ORL41TBS, 2016 WL 7338516 (M.D. Fla. Dec. 19, 2016) ("A judge shall dismiss an action or transfer it to any district or division in which it could have been brought – either upon motion or sua sponte – upon determination that it is being litigated in the wrong venue.").   For all the reasons discussed herein, Momentum respectfully submits that the Court should do so in this instance.

[2] *See Kempton v. Life for Relief & Dev. Inc.*, No. CV-19-02156-PHX-DJH, 2019 WL 5188750, at *3 (D. Ariz. Oct. 15, 2019) (granting defendant's motion to transfer due to plaintiff's "strategic procedural maneuvering").

2

forum shopping and, should the case survive dismissal,[3] transfer this case to the appropriate jurisdiction – the District of New Jersey – in the interests of justice and for the convenience of the parties and witnesses.

Finally, in light of Plaintiffs' and their counsel's egregious forum shopping, the Court should stay its ruling on Momentum's separately-pending Motion to Dismiss the FAC pursuant to Rule 12(b)(6) (*see* Dkt. 24) until the threshold issue of venue has been evaluated and resolved.

## BACKGROUND

The FAC alleges that Plaintiffs received a number of calls from Momentum in violation of the TCPA. *See generally* FAC. Although Breines alleges in the FAC that he is a Florida resident (*id.*, ¶ 6), seemingly to avoid having to bring this case in New Jersey, his own statements confirm that he was either physically located and/or resided in New Jersey at the time he allegedly received the calls at issue. *See* Declaration of Jeffrey Anclien ("Anclien Decl."), filed contemporaneously herewith, at ¶¶ 11-12 and Exhibits ("Ex.") A through C thereto (call transcripts).[4] Indeed, during follow-up calls made by Momentum to confirm appointments that Breines previously requested and scheduled, [5] Breines indicated and confirmed that his home address at the time of the alleged calls was in Lebanon, New Jersey, and that he was the sole owner of that property. *Id.* He also confirmed the date and time of his solar consultation appointments to occur at that same address in New Jersey and that his home was serviced by a

---

[3] Momentum filed a Motion to Dismiss demonstrating that all of Plaintiffs' claims in the FAC fail as a matter of law pursuant to Rule 12(b)(6). *See generally* Dkt. 24. While the FAC should be dismissed on its merits for a variety of reasons, Momentum respectfully submits that, if the Court reaches this Motion, it should either dismiss this case for improper venue or transfer this case to a more appropriate venue in the District of New Jersey.

[4] Electronic copies of the cited call recordings cited in this Motion will be provided to the Court and Plaintiffs in accordance with the local rules and procedures. *See also generally* Declaration of A. Paul Heeringa, filed herewith.

[5] By bringing this Motion, Momentum does not concede that it physically placed any calls to Plaintiffs except to follow-up on scheduled appointments made by the Plaintiffs at their request, that it had an agency relationship with the parties who may have placed any alleged unlawful calls to Plaintiffs, or that it in any way violated the TCPA. Indeed, Momentum denies all such allegations, as demonstrated in its Motion to Dismiss the FAC. Nothing in this Motion should be understood as conceding or waiving any argument made in Momentum's Motion to Dismiss.

New Jersey utility provider.  *Id*.  During at least two of the calls, Breines confirmed that he was physically in New Jersey at the time he received the call.  *Id*., Exs. A-C.  Breines further alleges in the FAC that all of the calls at issue in this case were made to his cellular telephone number containing a New Jersey (908) area code.  *See* FAC ¶¶ 66-68.[6]

Perrong admits that he is <u>not</u> a Florida resident and does not allege that he received any calls in Florida.  *See* FAC ¶ 7.  Moreover, it is undisputed that Momentum is not a Florida company but, rather, is a New Jersey limited liability company.  *Id*. ¶ 8.  And neither Perrong nor Breines allege that any of the calls at issue in this case originated in Florida.  In fact, Momentum does not have a call center located in Florida, and it neither placed nor caused to be placed any calls from Florida to Plaintiffs.  *See* Anclien Decl., ¶ 8.  Further, despite alleging that venue in this District is proper "because Defendant is registered to do business in Florida and because the wrongful conduct giving rise to this case was directed from/and or into this District" (FAC ¶ 10), Plaintiffs plead ***zero*** facts supporting these bald allegations.  And, as demonstrated above, the only facts even remotely suggesting a connection to the state of Florida—*i.e.*, Breines' purported residency and location at the time he received the follow-up calls at issue— are demonstrably false and should be disregarded.

## ARGUMENT

Plaintiffs' obviously improper forum shopping makes the Middle District of Florida not only an inconvenient forum, but an improper venue warranting dismissal.  The venue statute is intended to protect defendants, and not to provide plaintiffs the choice of forum providing the most likely chance of success.  *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371–72 (11th Cir. 2003).  Thus, for all of the reasons below, this Court should dismiss the FAC *sua sponte* in

---

[6] The 908 area code alleged in the FAC as to Breines' cell phone covers Lebanon, New Jersey, which is where Breines stated that he lived during follow up calls with Momentum which were requested by Breines.  *See* https://www.areacodehelp.com/njcode/lebanon_area_code.shtml (last visited November 27, 2019).

its entirety for improper venue, or in the alternative, it should transfer this case to the proper venue, the United States District Court for the District of New Jersey.

## I.    <u>Venue is Improper in the Middle District of Florida.</u>

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  § 1406(a).[7] Whether venue is "wrong" or "improper" is determined under 28 U.S.C. § 1391. *Steinberg v. Luedtke Trucking, Inc.*, No. 216CV452FTM99MRM, 2016 WL 5719333, at *2 (M.D. Fla. Sept. 30, 2016).  In this regard, venue is proper <u>only</u> if all defendants "reside" in this District, *see* 28 U.S.C. § 1391(b)(1), or if a "substantial part of the events or omissions giving rise to the claim" occurred here.  *Id.*, § 1391(b)(2).  If there is no district in which an action may otherwise be brought, venue is proper in any district in which any defendant is subject to personal jurisdiction with respect to the cause of action.  *Id.* § 1391(b)(3).  This case is not properly brought in this District under any of the foregoing criteria and, thus, venue is improper in this District.

To begin, a business is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c).[8]  Venue is not proper in this case under § 1391(b)(1) because Plaintiffs failed to establish that Momentum "resides"  or is otherwise subject to personal jurisdiction in this District.  In fact, Plaintiffs concede that Momentum is a New Jersey limited liability company organized under the laws of New Jersey.  *See* FAC ¶ 8.  Furthermore, Momentum's principal

---

[7]  The Court has discretion to dismiss or transfer this case *sua sponte* pursuant to § 1406(a).  *See Sanshuck v. Guzman*, No. 218CV737FTM99MRM, 2019 WL 1092738, at *5 (M.D. Fla. Feb. 1, 2019), *report and recommendation adopted*, No. 218CV737FTM99MRM, 2019 WL 1092736 (M.D. Fla. Feb. 25, 2019);  *Wildstein*, 2016 WL 7366892, at *3.

[8]  *See* also *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (stating the "paradigm forums" in which a corporate defendant is subject to personal jurisdiction "are the corporation's place of incorporation and its principal place of business").

place of business is located in New Jersey and, perhaps more importantly for present purposes, it does not have a call center located in Florida. *See* Anclien Decl., ¶¶ 3, 7-8. Thus, Momentum is not subject to general jurisdiction in Florida. *See BNSF Ry. Co.*, 137 S. Ct. at 1558.

Plaintiffs do not dispute this fact in the FAC but instead allege that venue is proper because Momentum purportedly "is registered to do business in Florida and because the [alleged] wrongful conduct giving rise to this case was directed from/and or into this District." FAC ¶ 10. In other words, Plaintiffs appear to allege that Momentum is subject to specific jurisdiction in this District. However, "[s]pecific jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action." *PG Creative Inc. v. Affirm Agency, LLC*, No. 18-CV-24299, 2019 WL 5684219, at *3 (S.D. Fla. Oct. 31, 2019). Merely baldly alleging that Momentum "is registered to do business in Florida," as Plaintiffs do here, is not sufficient to demonstrate specific jurisdiction. *See Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1318–19 (11th Cir. 2018), *cert. denied sub nom. Waite v. Union Carbide Corp.,* 139 S. Ct. 1384, 203 L. Ed. 2d 611 (2019) (stating that a foreign business does not consent to jurisdiction in a state simply by registering to do business in that state). And aside from Breines' seemingly false allegations that he resided in Florida and received the follow-up calls at issue in Florida, Plaintiffs have not alleged any actions or conduct by Momentum within Florida related to the Plaintiffs' cause of action.

Moreover, the Court is not required to accept the facts alleged in a complaint as true if contradicted by the defendant's affidavits and may examine evidence outside the pleadings to determine whether venue is proper. *See, e.g., NuTek Int'l, Inc. v. Moxley-W.*, No. 3:13-CV-494-J-34PDB, 2014 WL 12623811, at *3 (M.D. Fla. Mar. 26, 2014). Here, the evidence clearly

contradicts the facts alleged in the FAC by establishing that any calls made by Momentum originated outside of the state of Florida and that neither Breines nor Perrong were located in Florida at the time they received the alleged calls.  *See* Anclien Decl., ¶¶ 3-8 & Exs. A-C thereto. Given that Plaintiffs have failed to establish that Momentum is subject to specific jurisdiction in Florida, venue is not proper in this case under § 1391(b)(1).

Likewise, venue is not proper under § 1391(b)(2) because Plaintiffs have failed to establish that a "substantial part" of the events occurred in this District.  FAC ¶ 10.  It is well accepted that "[o]nly the events that *directly give rise* to a claim are relevant [for purposes of determining venue]. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered."  *Jenkins*, 321 F.3d at 1371 (emphasis added).  *See also Clean Fuels of Indiana, Inc. v. Riverport Ins. Co.*, No. 616CV1472ORL37TBS, 2016 WL 6650714, at *2 (M.D. Fla. Nov. 10, 2016) ("venue is proper in the district where the parties' contacts weigh most heavily").  Again, in this case, the only "act" or "event" alleged to have occurred in this District relates to Breines' ***demonstrably false*** allegations that he received the follow-up calls at issue in this case (or any calls at issue, for that matter) in this District.  *See* discussion at pp. 3-4, *supra*.[9]  *See also* Anclien Decl., ¶¶ 7-8, 11-12, Exs. A-C.  And false allegations aside, Plaintiffs do not allege that any "wrongful conduct" occurred in Florida or otherwise plead specific "events" that occurred in this District with respect to their claims.  Thus, absent any factually supported allegations that Momentum committed any

---

[9] Whether Breines is a resident of Florida or this District *at present* (or even if he was at the time Plaintiffs filed this case), as opposed to when he received any alleged calls from Momentum, is irrelevant to venue.  *See, e.g., Jenkins Brick Co.*, 321 F.3d at 1371–72 (stating that the venue statute is intended "to require courts to focus on relevant activities of the defendant, not of the plaintiff."); *NuTek Int'l, Inc.*, 2014 WL 12623811, at *4 n.3 ("[I]f Congress had wanted to lay venue where the plaintiff was residing when he was injured, it could have said so expressly.") (citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)); *Maid to Perfection Glob., Inc. v. Miller*, No. 618CV463ORL22GJK, 2018 WL 8244570, at *3 (M.D. Fla. Aug. 22, 2018) (stating that "28 U.S.C. § 1391(b) contains no provision authorizing venue based on a plaintiff's residency.")

"wrongful conduct" in this District, Plaintiffs have necessarily failed to establish that a "substantial part" of the events giving rise to their claims occurred in this District and thus the District is an improper venue. *See Frey v. Minter*, No. 8:17-CV-147-T-30JSS, 2017 WL 2172195, at *3 (M.D. Fla. May 17, 2017) (transferring the case because "a substantial portion of the events giving rise to [p]laintiff's claim" occurred outside of this District).

Finally, venue is not proper under § 1391(b)(3) because Plaintiffs have failed to establish that there is no district in which this action may be brought pursuant to § 1391(b)(1)-(2). *See Performance Brokerage Servs., Inc. v. Pomeroy*, No. 218CV580FTM99MRM, 2018 WL 4207917, at *2 (M.D. Fla. Sept. 4, 2018) (stating that venue is not proper under § 1391(b)(3) unless plaintiffs first establish that there is no district in which an action may be brought pursuant to § 1391(b)(1)-(2)). Section 1391(b)(3) provides a "fallback" venue only if there is no preferred district for this action. *Frey,* 2017 WL 2172195, at *3. Here, it is apparent that this case should have been filed in New Jersey, where Momentum is located. Consequently, because Plaintiffs have failed to establish that venue is proper under Section 1391, the case must be dismissed, or, in the alternative transferred to the District of New Jersey *sua sponte*. *See Sanshuck*, 2019 WL 1092738, at *5; 28 U.S.C. § 1406(a). And although courts generally prefer transfer where venue is proper in another district, dismissal is proper where, like here, the case was brought in the improper venue in bad faith. *See, e.g., Flood v. Avis Budget Grp.*, No. 09-80874-CIV, 2010 WL 11504771, at *2 (S.D. Fla. June 30, 2010) ("Given the numerous lawsuits brought by Plaintiff against Defendants based on similar allegations, and the utter lack of evidence connecting Defendants to Florida for this case, the Court exercises its discretion to dismiss this action.").

## II.   <u>The Convenience of the Parties and Interests of Justice Warrant Transfer.</u>

Even if the Court finds that venue is proper in the Middle District of Florida (and it most certainly is <u>not</u>), it should nevertheless transfer this case to a more convenient forum, specifically

the District of New Jersey.  Under 28 U.S.C. § 1404(a), this Court may transfer a case to any other district where the action "might have been brought" if the transfer would serve "the convenience of parties and witnesses" or promote "the interest[s] of justice."  "[T]he purpose of th[is] section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Botha v. Sony Music Entm't*, No. 818CV01145T33JSS, 2018 WL 7252938, at \*2 (M.D. Fla. July 30, 2018) (internal citation omitted).  "An action might have been brought in a proposed transferee court if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court."  *Suomen Colorize Oy v. DISH Network L.L.C.*, 801 F. Supp. 2d 1334, 1337 (M.D. Fla. 2011).  It is well accepted that "[d]istrict courts have broad discretion in deciding whether to transfer an action to a more convenient forum."  *Martin v. Scottrade, Inc.*, No. 817CV1042T24AAS, 2017 WL 6624136, at \*3 (M.D. Fla. Dec. 28, 2017) (citation omitted).[10]

In deciding a motion to transfer venue under Section 1404(a), courts in the Eleventh Circuit consider the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiffs choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).  Judges

---

[10] A party does not waive its right to move for transfer under Section 1404 by failing to timely object to venue.  *Future Fibre Techs. Pty. Ltd. v. Optellios, Inc.*, No. 2:08-CV-00600-UA-DNF, 2009 WL 10669775, at \*3 (M.D. Fla. May 7, 2009).  Furthermore, a party's consent to personal jurisdiction does not automatically establish consent to venue or a waiver of the right to seek transfer under Section 1404(a).  *Gonzalez-Plata v. Love-Geiger*, No. 8:09-CV-1956-T-27EAJ, 2010 WL 11629104, at \*3 (M.D. Fla. June 14, 2010).

in this District have traditionally given considerable weight to the convenience of the parties and non-party witnesses, while factors such as the plaintiff's chosen forum and the relative means of the parties are afforded less weight in the class action context and when forum shopping is evident. *See, e.g., Tempur-Pedic N. Am., LLC v. Mattress Firm, Inc.*, No. 8:18-CV-2147-T-33SPF, 2018 WL 8369104, at *3 (M.D. Fla. Sept. 20, 2018) (citing *Osgood v. Discount Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1264 (S.D. Fla. 2013)); *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, No. 2:16-CV-41-FTM-99MRM, 2016 WL 11410896, at *2 (M.D. Fla. Apr. 29, 2016). As demonstrated below, all of the relevant factors weigh heavily in favor of Momentum and transfer of this case to the District of New Jersey in this case.

## A.      This Case Could Have Been Brought in the District of New Jersey.

As an initial matter, the Court must first determine whether this action could have been brought in the District of New Jersey. *Suomen*, 801 F. Supp. 2d at 1337. The answer to this question is clearly yes. First, the District of New Jersey has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, because Plaintiffs allege violations of the TCPA. Second, venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Momentum maintains its principal place of business in New Jersey, and a substantial part of the alleged events giving rise to Plaintiffs' claims occurred in the District of New Jersey. FAC ¶ 8. *See also* 28 U.S.C. § 1391(b)(1), (2). Any calls made by Momentum would have originated from New Jersey, and the evidence demonstrates that Breines, the only connection between this case and Florida, was actually was in New Jersey and resided there at the time of the alleged calls at issue. *See* Anclien Decl., ¶¶ 3, 5, 7-8, 11-12 & Exs. A-C. Finally, Momentum is subject to personal jurisdiction in the District of New Jersey because Momentum resides there. *See BNSF Ry. Co.*, 137 S. Ct. at 1558. Thus, this case unquestionably could (and indeed should)

10

have been brought in the District of New Jersey.

**B.      The Balance of Factors Weigh Heavily In Favor of Transfer.**

Having determined that the case could have been brought in the District of New Jersey, the Court next must consider whether the balance of the previously enumerated factors weigh in favor of transfer.  For the reasons set forth below, *all* of the factors when considered in this case decisively favor transfer to the District of New Jersey.  Therefore, if the Court decides not to dismiss for improper venue, it should nevertheless transfer this case under Section 1404(a).

*1.      Convenience of the parties and witnesses clearly favors the District of New Jersey.*

In evaluating motions to transfer, "[t]he Middle District of Florida gives great weight to the convenience of the parties and witnesses."  *Suomen*, 801 F. Supp. 2d at 1338 (citation omitted).  Judges in this District have noted that "[t]he convenience of both the party and non-party witnesses is probably considered the single most important factor in the analysis [of] whether a transfer should be granted."  *Tempur-Pedic N. Am., LLC*, 2018 WL 8369104, at *3 (citing *Osgood v. Discount Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1264 (S.D. Fla. 2013)).

Here, the convenience of both party and non-party witnesses overwhelmingly favors the District of New Jersey.  Nearly all of the anticipated witnesses either reside in New Jersey or are closer to New Jersey than Florida.  *See* Anclien Decl.  ¶¶ 4-8.  *See also Suomen*, 801 F. Supp. 2d at 1339 (finding convenience favored transfer where a majority of witnesses resided in the transferee venue or closer to the transferee venue than the chosen forum).  The party witnesses – Momentum, Breines and Perrong – are located in New Jersey and Pennsylvania.  The key employees of Momentum with knowledge of Momentum's business practices and procedures are located in New Jersey.  *See* Anclien Decl.  ¶¶ 4-8.  Momentum also anticipates calling certain non-party witnesses, including Perrong's father and Breines' parents who live in Pennsylvania

and New Jersey, with relevant and discoverable information.[11]   Requiring these witnesses to travel to the Middle District of Florida would be far less convenient than traveling to the District of New Jersey, which is close to and/or is where the majority of the witnesses already reside. *See Botha*, 2018 WL 7252938, at *3 (requiring employees of key defendant to travel to plaintiffs' chosen forum is far less convenient than transferring venue to the district where the defendant is located).   Moreover, some of these witnesses may otherwise be beyond the reach of this Court's subpoena powers.   *See Camoco, LLC v. Leyva*, No. 818CV1693T33JSS, 2018 WL 6166302, at *5 (M.D. Fla. Sept. 21, 2018) ("a federal court's subpoena powers are geographically limited").   And none of the anticipated witnesses reside in Florida.   Thus, the convenience of the parties and witnesses weighs heavily in favor of transfer.

2.   *Access to sources of proof favors the District of New Jersey.*

The Court must also consider "the location of sources of documentary proof and other tangible materials, and the ease with which the parties can transport them to trial."   *See Tempur-Pedic*, 2018 WL 8369104, at *4.   As with key witnesses, nearly all of the important documents pertaining to Momentum's business practices and procedures, which are directly at issue here, are located at Momentum's offices in New Jersey.   More importantly, none of the relevant evidence exists in the Middle District of Florida.   *See* Anclien Decl.   ¶¶ 4-8.   Thus, this factor also weighs heavily in favor of the District of New Jersey.   *See, e.g., Suomen*, 801 F. Supp. 2d at 1339 (finding access to sources of proof favored transfer where nearly all evidence was located in the requested transferee venue and no key documents existed in the chosen forum); *Botha*, 2018 WL 7252938, at *4 (access to sources of proof favored transfer where no key employees or

---

[11] Merely a cursory review of PACER reveals that Perrong is a serial (and seemingly professional) TCPA litigant who, in this case, provided his father's name and Pennsylvania address in the calls at issue.  *See* FAC ¶¶ 48-49.   Moreover, in the call recordings provided with this Motion, Breines indicates that his parents lived with him at the New Jersey address and that they all worked on the same farm together.  *See* Anclien Decl., Exs. A-C.

documents existed in the chosen forum).  This factor likewise strongly favors transfer.

> 3.      *Plaintiffs' choice of forum should be afforded no weight.*

Although a plaintiff's chosen forum is generally given strong consideration, "where a plaintiff has chosen a forum that is not its home forum, like in the present case, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper." *Suomen*, 801 F. Supp. 2d at 1338 (citing *Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007)).  A plaintiff's chosen forum is also afforded less deference if the action is a class action, as is also the case here.  *See, e.g., Scoma Chiropractic, P.A.,* 2016 WL 11410896, at *2.  Moreover, "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Suomen*, 801 F. Supp. 2d at 1338 (citing *Garay v. BRK Elecs.*, 755 F. Supp. 1010, 1011 (M.D. Fla. 1991)).

Here, Plaintiffs' chosen forum is not entitled to any deference for at least four reasons:

**First**, Plaintiffs elected to file this lawsuit as a putative class action.  Thus, their chosen forum is not entitled to deference on that basis alone.  *Scoma*, 2016 WL 11410896, at *2.

**Second**, Perrong does not reside in Florida.  *See* FAC ¶ 7.  And although Breines alleges that he is a Florida resident and received the calls at issue in this District, evidence demonstrates that he actually was in New Jersey and resided there at the time of the alleged calls at issue. Moreover, Breines' residence is serviced by a New Jersey utility company, and he alleges that his phone number contains a New Jersey area code.  *See* FAC ¶¶ 66-68; Anclien Decl. ¶¶ 11-12 & Exs. A-C thereto.  Thus, it is clear that this case has no connection with this forum.

**Third**, Plaintiffs also do not allege that the calls at issue originated from this District. Indeed, any calls made by Momentum would have been made in New Jersey and received by

Plaintiffs Breines and Perrong in New Jersey and Pennsylvania, respectively.  *See* FAC ¶¶ 39-41, 66-68; *see also* Anclien Decl.  ¶¶ 4-8.  Where the only reference to the state of Florida relates to the plaintiff's alleged residence, the "locus of operative facts" plainly resides outside of Florida.  *Camacho v. United States*, No. 19-61167-CIV, 2019 WL 6130441, at *4 (S.D. Fla. Nov. 19, 2019).  In short, Plaintiffs otherwise failed to allege any acts or omissions by Momentum that occurred in the state of Florida, let alone in this District.  "Courts give minimal deference to a plaintiff's choice of forum when the claims raised in [the plaintiff's] complaint only appear to have a limited connection with this District."  *Jones Real Estate, Inc. v. Avatel Techs., Inc.*, No. 17-23933-CIV, 2018 WL 1121537, at *3 (S.D. Fla. Mar. 1, 2018).

*Fourth*,  Plaintiffs have blatantly engaged in forum shopping to strategically avoid what they seemingly perceive as less favorable precedent in the Third Circuit.  The fact that Plaintiffs' counsel recently engaged in similar conduct in another district makes Plaintiffs' actions here perhaps even more blatant.  *See Kempton*, 2019 WL 5188750, at *1-3.  Nevertheless, "the more it appears that the plaintiff's choice of ... forum was motivated by forum-shopping reasons ... the less deference the plaintiff's choice commands."  *Vogue Int'l, LLC v. Hartford Cas. Ins. Co.*, No. 8:16-CV-3224-T-23AEP, 2017 WL 3773248, at *2, n.1 (M.D. Fla. Jan. 17, 2017) (citation omitted).  Such is particularly true in this case, as the law on what constitutes a TCPA violation in the Third Circuit (where venue is proper) favors dismissal.  *See, e.g.*, *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 119 (3d Cir. 2018) (to constitute an ATDS, the dialer system must have "the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers"); *Fleming v. Associated Credit Servs., Inc.*, 342 F. Supp. 3d 563, 576 (D.N.J. 2018) (stating a predictive dialer qualifies as an ATDS only if it has the present capacity to generate phone numbers randomly or sequentially and then to dial them); *Somogyi v.*

14

*Freedom Mortg. Corp.*, No. CV 17-6546 (JBS/JS), 2018 WL 3656158 at *4 (D.N.J. Aug 2, 2018) ("telephone dialing equipment that has the capacity ... to store or produce telephone numbers to be called, using a random or sequential number generator qualifies as an ATDS") (citation omitted). As argued in Momentum's Motion to Dismiss under Rule 12(b)(6), Plaintiffs' flawed FAC (like its faulty predecessor) is devoid of any such allegations. *See* Dkt. 24 at 14-17.

Plaintiffs and their counsel clearly sought to avoid this unfavorable precedent by filing this lawsuit in the Middle District of Florida, which is precisely what occurred in *Kempton*. In *Kempton*, Plaintiffs' counsel originally chose to file the lawsuit in the Eastern District of Michigan, where the alleged calls originated and where the defendant's headquarters was located. After facing a motion to dismiss and realizing the unfavorable precedent in that district, Plaintiffs' counsel elected to dismiss the complaint and refile in the District of Arizona, where the plaintiff in that case resided. The court there recognized this "strategic maneuvering" as forum shopping and transferred the case back to the Eastern District of Michigan. In doing so, that court acknowledged that the relevant documentary and testamentary evidence were located at the defendant's headquarters in the Eastern District of Michigan and further stated, "a plaintiff's choice of forum is entitled to minimal deference if the plaintiff chose the forum to escape an unfavorable ruling in a different district." *Kempton*, 2019 WL 5188750, at *3. Here, Plaintiffs hoped to avoid the unfavorable Third Circuit precedent by filing this lawsuit in what they believe is a more favorable district in which none of the documentary or testamentary evidence is located. As with *Kempton*, Plaintiffs' chosen forum is not entitled to deference.

4.     *The cost of transfer favors the District of New Jersey.*

While courts typically consider the relative means of the parties in considering the costs of transfer, "[i]n the class action context [like in this case], this factor is generally irrelevant."

15

*Maxon v. Sentry Life Ins. Co.*, No. 617CV1569ORL40TBS, 2018 WL 3850011, at *4 (M.D. Fla. Apr. 11, 2018).  But even if this were not true, the cost of transfer weighs in favor of New Jersey. Momentum has been forced to defend this case hundreds of miles from its principal place of business where all of the key documents, witnesses, and related evidence are located.  *See* Anclien Decl.  ¶¶ 4-9.  Perrong concedes that he lives in Pennsylvania, and evidence suggests Breines lives in New Jersey.  Transferring this case to the District of New Jersey, therefore, would be far more convenient and cost efficient for both the parties and non-party witnesses (including Plaintiffs) alike than continuing to litigate in this District.

> 5.    *Judicial economy favors the District of New Jersey.*

Finally, when the primary operative facts and the majority of witnesses are located in the transferee district, as is the case here, courts have consistently found that judicial economy weighs in favor of transfer.  *See, e.g., Camoco*, 2018 WL 6166302, at *6 (citing *Osgood*, 981 F. Supp. 2d at 1267) (explaining this factor weighed in favor of transfer because a majority of the witnesses were located in the transferee district, which would make trial more efficient).  As shown above, all of the operative facts in the present case involve follow-up calls originating in New Jersey and received by Plaintiffs in New Jersey and Pennsylvania.  The likely discovery sources, including the vast majority of witnesses and evidentiary documents, are located in New Jersey.  No known witnesses or relevant evidence is located in Florida.  Thus, the District of New Jersey provides a more convenient and economical venue.

Additionally, because Plaintiffs allege claims under federal law, the District of New Jersey is equally familiar with the governing law.  *See, e.g., Frasca v. Fla. Dep't of Corr.*, No. 8:16-CV-1967-T-33JSS, 2016 WL 6879244, at *4 (M.D. Fla. Nov. 22, 2016) (deeming this factor neutral because the plaintiff raised claims under federal statutes, *e.g.*, § 1983).  And

certainly, the interests of justice are more appropriately served by preventing Plaintiffs' improper forum shopping and transferring this lawsuit to the jurisdiction where it should have been filed in the first place. Therefore, judicial economy weighs in favor of transfer, as well.

### III.    Venue is a Threshold Issue That Should be Decided Prior to Ruling on Momentum's Motion to Dismiss.

Lastly, Momentum respectfully submits that the Court should stay its ruling on Momentum's separately-pending Motion to Dismiss under Rule 12(b)(6) (*see* Dkt. 24) until it determines the threshold issue of proper venue presented above. Courts have broad discretion to determine how to manage the cases before them. *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir. 1997) (citing *United States v. McCutcheon,* 86 F.3d 187, 190 (11th Cir. 1996)). Courts in the Eleventh Circuit and elsewhere have found that it is procedurally proper to first decide threshold venue motions and to leave a determination on the merits to the judge who will be presiding over the litigation. *See, e.g.*, *Summers-Wood L.P. v. Wolf*, No. 3:08-CV-60/RV/MD, 2008 WL 2229529, at *2, n.1 (N.D. Fla. May 23, 2008) (collecting cases); *Baker v. Major League Baseball Properties, Inc.*, No. 308CV114, 2009 WL 1098482, at *1 n.1 (N.D. Fla. Apr. 22, 2009) (treating the question of proper venue as a threshold issue); *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1357 (11th Cir. 1990) ("On a threshold motion involving venue, this court cannot, and indeed should not, make a determination regarding the merits that must be reserved for the factfinder once all discovery has terminated.") (citation omitted).

Such is true here. Momentum's Motion to Dismiss under Rule 12(b)(6) is pending and ripe for a ruling. However, venue is neither proper nor convenient in this District and, thus, this Court, assuming it determines that transfer (and not dismissal) is the appropriate relief warranted, should afford the assigned judge in the District of New Jersey the opportunity to hear Momentum's dispositive motion. In short, it is readily apparent that this case should have never

been filed in this District, and there is no reason for it to remain here any longer.

## <u>CONCLUSION</u>

For all the reasons stated above, Defendant Pro Custom Solar LLC, d/b/a Momentum Solar, respectfully requests that this Court enter an order dismissing the Complaint in its entirety for improper venue, or in the alternative, transferring the case to the District of New Jersey, and granting all other relief the Court deems just and proper.


DATED: November 27, 2019                    Respectfully submitted,

                                            By: *s/ A. Paul Heeringa*

                                            A. Paul Heeringa (PHV/Trial Counsel)
                                            MANATT, PHELPS & PHILLIPS LLP
                                            151 N. Franklin St., Suite 2600
                                            Chicago, Illinois 60606
                                            Tel: (312) 529-6300
                                            pheeringa@manatt.com

                                            Josh Migdal (FBN 19136)
                                            Yaniv Adar (FBN 63804)
                                            MARK MIGDAL & HAYDEN
                                            80 S.W. 8th Street, Suite 1999
                                            Miami, Florida 33130
                                            Tel: (305) 374-0440
                                            josh@markmigdal.com
                                            yaniv@markmigdal.com
                                            eservice@markmigdal.com

                                            *Counsel for Defendant*
                                            *Pro Custom Solar LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, on November 27, 2019, I electronically filed the foregoing document and attached supporting documents with the Clerk of the Court using CM/ECF. I also certify that the foregoing document and supporting documents are being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: <u>*s/ A. Paul Heeringa*</u>
A. Paul Heeringa
