UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIC BREINES, individually, and on
behalf of all others similarly situated and
ANDREW PERRONG, individually, and
on behalf of all others similarly situated,

    Plaintiffs,

v.                                                Case No. 3:19-cv-353-J-39PDB

PRO CUSTOM SOLAR LLC, D/B/A
MOMENTUM SOLAR,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss for Improper Venue (Doc. 44; Motion) and Plaintiffs' response in opposition (Doc. 49).

Plaintiffs initiated this case in the United States District Court for the Middle District of Florida for Defendant's purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. Citing 28 U.S.C. §§ 1406(a) and 1404(a), Defendant argues that Plaintiffs wrongly filed suit in Florida, and as a result, the case should be dismissed or transferred to New Jersey. Central to its argument is Defendant's contention that Florida has no connection to this case. Plaintiffs allege that Defendant called Plaintiff Breines while he was in the Middle District of Florida. Amd. Compl. ¶¶ 6 and 10. Defendant claims that discovery showed that Plaintiff Breines was in New Jersey at the time of the calls, and that there is no connection to Florida. Motion at 7. Defendant relies on an unofficial transcript of three phone calls wherein Plaintiff Breines claimed to be living in New Jersey. (Docs. 44.2-44.4). In response, Plaintiff

Breines provides a declaration that he received the calls while he was residing and physically present in Florida. (Doc. 49 at 1).

The Court first addresses Defendant's argument that this case should be dismissed or transferred pursuant to § 1406(a), which occurs when venue is improper.[1] "This question—whether venue is 'wrong' or 'improper'—is generally governed by 28 U.S.C. § 1391." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 55 (2013); see also Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 381 (2012) (explaining that §1391 governs questions of proper venue in cases involving private enforcement of the TCPA). Among other things, § 1391 provides that venue is proper if it is brought in the district where a substantial part of the events that give rise to the claim occurred. Whether the events giving rise to this case occurred in Florida are in dispute.

"When a defendant challenges venue as improper, the plaintiff bears the burden of showing that the venue selected is proper." Santos Camacho v. United States, No. 19-61167-CIV, 2019 WL 6130441, at *2 (S.D. Fla. Nov. 19, 2019) (internal quotations omitted). Plaintiffs met their burden through Plaintiff Breines' sworn declaration that he was living in Florida at the time he received Defendant's call. Defendant did not rebut this declaration through its transcripts because the transcripts only described where Plaintiff Breines told Defendant that he lived. A complete reading of the transcript leaves the Court with the impression that Plaintiff Breines was baiting Defendant to provide more information, likely so he could haul Defendant to court. For example, in the first

---

[1] Plaintiff's arguement that Defendant waived its ability to contest this court as the proper former is convincing. However, the Court need not make this determination in light of the Order's conclusion.

and second call, Plaintiff Breines insisted that Defendant send him an email with contact information. (Doc. 44.2 at 2-3); (Doc. 44.3 at 3); (Doc. 13 ¶ 48). This makes particularly good sense with telemarketers' reliance on "spoofing."[2] Furthermore, this construction is consistent with the Eleventh Circuit's instruction when district courts review conflicting evidence regarding venue. See Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1355 (11th Cir. 1990) ("When affidavits conflict, the court is inclined to give greater weight to the plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the plaintiff.").

In considering whether to transfer a case pursuant to § 1404(a), the district court must determine whether "the convenience of parties and witnesses, in the interest of justice" suggest the transfer of a case to another district or division. To determinate whether the circumstances of a case warrant transfer, the court evaluates a number of factors. They include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

---

[2] Spoofing is described as "the practice of causing a telephone network to display a number on the recipient's Caller ID display that is not that of the actual originating station." Cellco P'ship v. Plaza Resorts Inc., No. 12-81238-CIV, 2013 WL 5436553, at *2 (S.D. Fla. Sept. 27, 2013).

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). Under § 1404(a), a trial court has broad discretion in determining whether a transfer is appropriate. Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991).

It is the party seeking the transfer who bears the burden of establishing that a case should be transferred to the suggested forum in the interests of convenience and justice. See In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) ("[T]he burden is on the movant to establish that the suggested forum is more convenient."). Moreover, "[i]n determining the propriety of transfer, the Court must give considerable weight to Plaintiff's choice of forum." Response Reward Sys., L.C. v. Meijer, Inc., 189 F. Supp. 2d 1332, 1339 (M.D. Fla. 2002) (internal citations omitted); see also In re Ricoh Corp., 870 F.2d at 573 ("[F]ederal courts traditionally have accorded a plaintiff's choice of forum considerable deference."). "Only if the Plaintiff's choice is clearly outweighed by considerations of convenience, cost, judicial economy, and expeditious discovery and trial process should this Court disregard the choice of forum and transfer the action." Id.; see also Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.").[3]

Plaintiffs' chosen venue was Florida and Defendant has not shown that other factors clearly outweigh Plaintiffs' choice. Defendant references that its witnesses to the alleged calls are located in New Jersey and Pennsylvania, but Plaintiff Breines is

---

[3] That said, there is authority for the proposition that Plaintiff's choice should be entitled to less deference because this "action is one brought on behalf of a class of persons similarly situated." See, e.g., Wilson v. ChoicePoint, Inc., No. 1:05-CV-1604-JOF, 2006 WL 8432437, at *2 (N.D. Ga. Feb. 28, 2006).

located in Florida and he is a crucial witness in this case. Defendant also references that its records relevant to this action are located in New Jersey, but this factor is countered by the fact that the locus of operative facts occurred in Florida. Moreover, neither forum is convenient for all parties or witnesses, but Defendant is more likely to have the means to defend this action in Florida than Plaintiffs would in prosecuting it in New Jersey. That said, Local Rule 1.02(c), United States District Court, Middle District of Florida requires that "[a]ll civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." The Court is not able to definitively ascertain where in Florida Plaintiff alleges that he received the at-issue phone calls.

Accordingly, after due consideration, it is

**ORDERED:**

1. Defendant's Motion to Dismiss for Improper Venue (Doc. 44; Motion) is **DENIED.**

2. On or before **January 28, 2020**, Plaintiffs shall provide a supplemental notice to the Court that provides the county in which Plaintiff Breines was present when he received the at-issue phone calls.

**DONE** and **ORDERED** in Jacksonville, Florida this 24th day of January, 2020.

BRIAN J. DAVIS
United States District Judge

2

Copies furnished to:

Counsel of Record